## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**KAHAMA VI, LLC,**

      **Plaintiff,**

**v.**                                                          **Case No.  8:11-cv-2029-T-30TBM**

**HJH LLC, et al.,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Cross Motion to Strike Defendant's Affirmative Defense (Dkt. 26), Plaintiff's Motion for Summary Judgment Against the Defendants (Dkt. 38), Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 40), and Plaintiff's Motion to Strike the Defendants' Response and Affidavit as to Plaintiff's Motion for Summary Judgment and/or for Leave to File Reply Brief and/or Reopen Discovery (Dkt. 48).  The Court, having reviewed the motions, response, record evidence, and being otherwise advised in the premises, concludes the motions to strike should be denied, the motion for summary judgment should be granted in part, the motion for leave to file reply brief should be denied as moot, and the motion to reopen discovery should be granted.

## BACKGROUND[1]

Plaintiff Kahama VI, LLC, brings this action to recover damages for breach of a promissory note ("Note") against Defendant HJH, LLC, and to recover damages for breach of guaranty agreements ("Guaranties") executed by Defendants Robert McMillan, III, William R. Riveiro, Kirsten L. Riveiro, and John Bahng.  After filing the above motions, Kahama filed a notice of partial dismissal as to Defendant Kirsten Riveiro, which the Court granted.  *See* Dkt. 61.  References in the following sections to "Defendants" include the remaining defendants: HJH, McMillan, William Riveiro, and Bahng.

The facts are relatively straightforward and undisputed.[2]  On July 7, 2004, HJH executed and delivered the Note to Coquina Bank for $1,300,000.00.  Kahama attached a copy of the Note and all other instruments to its amended complaint.  *See* Dkt. 12:1- 12:16. Also on July 7, 2004, McMillan, Riveiro, and Bahng executed and delivered the Guaranties to Coquina Bank.  The Defendants executed a renewal of the Note and Guaranties on September 7, 2005, a change in terms agreement on March 7, 2006, and another renewal on March 31, 2007.

On February 5, 2008, the FDIC approved the merger of the Royal Bank of Canada ("RBC") with Coquina.  Then, on September 5, 2008, RBC assigned the Note and Guaranties to Landmark Equity Fund I, which then assigned them to Kahama on February 16, 2010.

---

[1] These facts are taken in a light most favorable to Defendants, the non-movant.

[2] Although Defendants denied most of the facts in their answer, they have not put forth any record evidence disputing the underlying facts of the instruments.

Kahama alleges that Defendants made their last payment on the Note on December 31, 2007, resulting in the principal sum at default of $1,289,921.55, plus interest upon the principal. Defendants present no material disputes in the record as to any of the above facts.

In their answer to Kahama's amended complaint, Defendants asserted a single affirmative defense related to a pending quiet title action in state court based on the same property that secured the Note.  In response to Kahama's motion for summary judgment, Defendants explained their affirmative defense was based on an oral contract that Kahama's predecessor-in-interest made not to sue until the quiet title action was completed.  They also added the following defenses: whether Kahama correctly calculated the amount owing under the Note, whether Kahama is the proper holder of the instruments, and whether Defendants were given the proper notice of assignments and acceleration on the Note.

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324.   The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990).  However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

## I.    Claim for Judgment on Note and Guarantees

Having reviewed the record, and all of its inferences, in the light most favorable to the nonmoving party, the Court finds that Kahama is entitled to an entry of a final summary

judgment against the Defendants on the issue of liability under the Note and Guaranties. Defendants cannot demonstrate a genuine issue as to the indebtedness owed to Kahama.

The Note and Guaranties provide that Florida law will govern.  "Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages."  *Wells Fargo Bank v. S. Boys Inv. Group, LLC*, 2011 WL 2446594, at *2 (M.D. Fla. May 26, 2011) (quoting *J.J. Gumberg Co. v. Janis Servs.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)).  "A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case.  All attacks upon it, or the debt it represents, must be made by way of affirmative defenses as to which the burden of proof is on the defense."  *Haycook v. Ostman*, 397 S. 2d 743, 743-44 (Fla. 5th DCA 1981).

"A guaranty is a collateral promise to answer for the debt or obligation of another."  *Fed. Deposit Ins. Corp. v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985).  "In Florida, the elements of an action for breach of a guaranty arise from a debtor's default and the guarantor's subsequent failure to pay."  *Bank First v. Guillem*, 2009 WL 1930190, at *5 (M.D. Fla. 2009).  The rules governing contracts apply generally to guaranty contracts. *Lockheed Martin Corp. v. Galaxis USA, Ltd.*, 222 F. Supp. 2d 1315, 1325 (M.D. Fla. 2002). Thus, the three elements of breach of contract in Florida, (1) valid contract, (2) a material breach, and (3) damages, are the relevant elements of a guaranty.

Kahama moves for summary judgment on its claim to recover damages for breach of the Note and Guaranties.  Kahama asserts, wrongly, that Defendants have admitted all

allegations in the amended complaint by admitting those allegations in previous pleadings, namely, Defendants' motion to dismiss based on the state court action wherein Kahama's predecessor-in-interest sought judgment on the same instruments. "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Thus, Defendants' arguments in their motion to dismiss are not considered admissions for purposes of summary judgment.

Kahama supports its motion for summary judgment with the affidavit of Roger Hoss, who represents himself as the Supervisor, authorized signatory for Kahama, and custodian of Kahama's business records. Based on this personal knowledge of Kahama's accounts, Hoss states that HJH executed and delivered on July 7, 2004, the Note to Coquina Bank for $1,300,000, personally guaranteed by the other Defendants, per precise copies of the Note and Guaranties attached to the amended complaint. He also testifies: that the Note and Guarantees were renewed or modified three times (2005, 2006, 2007); RBC merged with Coquina on February 5, 2008; RBC assigned the instruments to Landmark Equity on September 5, 2008; and Landmark Equity assigned the instruments to Kahama on February 16, 2010. Hoss states that the instruments are in default and that Kahama accelerated payment of the balance with notice to Defendants. According to the records, "[the Defendants'] last payment was received on or before 12/31/07, resulting in the principal sum at default of $1,289,921.55, plus interest upon the principal currently totaling $567,045.93, at the rate of 7.75% from the date of last payment, through 11/1/12, plus Plaintiff's attorneys'

fees and the costs of this action and those of a since-dismissed action to enforce this debt." Dkt. 38-1, ¶ 19.

Based on the above affidavit and instruments attached to the amended complaint, Kahama has showed that Defendants have breached the Note and Guaranties by defaulting on the Note and failing to pay what is owed.  Defendants, as the nonmoving party, must now rebut this evidence by going beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *Celotex,* 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *Anderson,* 477 U.S. at 248-49 (1986).

Defendants have failed to show any disputed material facts precluding summary judgment on the issue of liability under the instruments.  Defendants primarily rely upon their denials in their answer to the amended complaint, but they carry the burden in responding to the motion for summary judgment to show specific facts based on the record evidence that they are not in default on the Note and Guaranties.

McMillan's affidavit is the sole piece of evidence proffered by Defendants to support their opposition to summary judgment.[3]  However, McMillan's sworn statements lack significant probative value because he fails to identify specific factual disputes on the issue of liability.  Notably, McMillan does not deny the existence or validity of the Note and Guaranties nor does he deny that the Defendants are in default on their payments.  Indeed,

---

[3]McMillan testifies as "the managing member of HJH" and also presumably in his personal capacity as a guarantor.

McMillan only makes statements relevant to affirmative defenses that Defendants had never before raised.[4]   This is inadequate to rebut Hoss' affidavit based on Kahama's account history records.

Accordingly, the undisputed material facts establish Kahama's entitlement to recovery under the Note and Guaranties.   Therefore, Kahama is granted summary judgment on the issue of liability under the Note and Guaranties.   The only issue potentially precluding an award of damages in its favor is whether Defendants' affirmative defenses have merit. Because the Court finds more discovery is required on the issue of one of Defendants' affirmative defenses, the Court grants Kahama's motion to reopen discovery for sixty days.

## II.    Affirmative Defenses

"Failure to plead an affirmative defense generally results in a waiver of that defense." *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1221-22 (11th Cir. 2012) (quoting *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010)). However, "if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.   When there is no prejudice, the trial court does not err by hearing evidence on the

---

[4]McMillan states in his affidavit: "I did not receive adequate or proper notice of the transfers;" "I did not receive Notice of any acceleration of the Note or any subsequent amendments;" "I do not believe the alleged calculation of any alleged amount due under the Notes is correct;" "I am not certain as to who the true party in interest and holder of the alleged Original Note and subsequent notes is;" and "Upon information and belief, Defendant's [sic] have not filed with the Court the alleged original Note, the alleged subsequent Renewals and the alleged assignments of the Notes and Renewals."   Dkt. 41, ¶ 2, 3, 4, 5, 6.   Although Defendants fail to identify these new allegations as affirmative defenses, the Court treats them as such and addresses their merits in the following section.

issue." *Pensacola Motor*, 684 F.3d at 1222 (quoting *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989)); *see Hewitt v. Mobile Research Tech., Inc.*, 285 Fed. App'x 694, 696 (11th Cir. 2008) ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of the defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue.").  In the absence of a plaintiff showing prejudice from the delay, an affirmative defense raised for the first time a month before trial is permitted.  *Pensacola Motor*, 684 F.3d at 1222 (affirming district courts who have allowed affirmative defenses raised for first time a month before trial).

Defendants raised a single affirmative defense in their answer to the amended complaint.  The remaining affirmative defenses were raised for the first time in their response to Kahama's motion for summary judgment.  However, because this response was made well in advance of trial and the Court is granting Kahama's motion to reopen discovery, there is no discernable prejudice.

## A.    Oral Modification of Contract

Defendants' amended complaint included the following labeled as an affirmative defense:

1. There is a related case ongoing in Circuit court in Volusia County, Florida, with the case number of 2008-20156-CINS.
2. The above referenced case is directly related to these proceedings in that HJH, LLC, seeks relief from Volusia County, Florida; City of New Smyrna Beach, Florida; et al, for the property purchased in the case at hand.  When HJH, LLC bought the land at issue in this case they relied on Volusia County's 1925 Plat and the 1945 Resubdivision, which both indicated that HJH, LLC's

Property extended to the Atlantic Ocean, or at a minimum, east to a depth of three hundred (300) feet.

3.  HJH, LLC made extensive preparations including meetings with the city to build a multi-family residential unit condominium on the property at issue in this case.

4.  The Site Plan Application was approved, and then subsequently amended to reflect the number of units.

5.  HJH, LLC, had previously been approved for up to fourteen (14) units, and attempted to change the number of units to eight (8).

6.  The City of New Smyrna Beach has refused to allow any development on the Property, claiming that HJH, LLC does not own about half of the property that it previously purchased and contained within HJH, LLC's Deed, and at issue in the present case.

7.  The City of New Smyrna Beach, and/or Volusia County, now currently claim ownership over that portion of the Property at issue in this case.

8.  The outcome of the above referenced case directly relates to the case at issue and the case at issue should be stayed pending the outcome of the above-mentioned case.

Dkt. 19.  In their response to Kahama's motion for summary judgment, Defendants flesh out this oblique defense.  They rely upon McMillan's affidavit wherein he alleges that Landmark Equity entered into an oral agreement not to file suit on the Note until the quiet title action against the City of New Smyrna Beach was completed.

The details are not clear from the affidavit, but it appears two separate deals were made.  First, Roger Hoss, as managing member of Landmark, agreed not to file suit on the Note in exchange for McMillan selling a home that Landmark owned without him earning a commission.  McMillan states that he sold the home without taking a commission and Landmark made a "tidy profit in the worst market I have seen in my thirty plus years as a broker."  Dkt. 41, ¶ 17.

Second, "[o]n 7/1/2009 Mr. Hoss and Mr. Menia[5] agree that if I continue to assist Old Republic Title Company and their attorneys, giving depositions, advice and background that they will not file suit and that if HJH loses the suit against the City of New Smyrna Beach Landmark and HJH will split the future settlement we would receive from Old Republic Title Company.  At that time Mr. Hoss, Mr. Menia and I agreed that if we lost HJH would get part of the title settlement to cover HJH's six hundred thousand dollar down payment."  Dkt. 41, ¶ 21.

The obvious problem with the alleged oral contracts not to sue is that the Note contains an express provision that all modifications or amendments must be "in writing signed by the party against whom enforcement of any waiver, modification, change, amendment or discharge is sought."  Dkt. 12-1, ¶ 4.5.  However, under Florida law, "a written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it. . . . An oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing."  *Fidelity & Deposit Co. of Maryland v. Tom Murphy Constr. Co., Inc.*, 674 F. 2d 880, 884 (11th Cir. 1982) (quoting *Professional Ins. Corp. v. Cahill*, 90 So. 2d 916, 918 (Fla. 1956)).  However, "oral modifications are effective despite prohibitive language

---

[5]The Court is unsure who Mr. Menia is.

in the contract only where clear and unequivocal evidence of a mutual agreement is presented." *Id.* at 885.

The Court cannot rule on this affirmative defense at this time because the record was not developed on this issue of an oral modification or the status of the quiet title action pending in state court. As such, Kahama's motion to reopen discovery is granted as to this affirmative defense. Kahama may address issues such as the statute of frauds in a new motion for summary judgment on the Defendants' affirmative defense at the close of the new discovery period.

## B.    Presentment

> The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder's representative. Thus, the party seeking foreclosure must present evidence that it holds the note and mortgage in question in order to proceed with its foreclosure action. A plaintiff must tender the original promissory note to the trial court or seek to reestablish the note under section 673.3091, Florida Statutes (2010). If the note does not name the plaintiff as the payee, the note must bear an endorsement in favor of the plaintiff or a blank endorsement. Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note.

*Richards v. HSBC Bank USA*, 91 So. 3d 233, 234 (Fla. 5th DCA 2012) (internal citations omitted) (reversing summary judgment in favor of note holder because, although assigned to holder, the allonge to the note reflected another trust was the note's payee). In summary, "[if a party] is not in possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note." *Dasma Invs., LLC v. Realty Assocs. Fund III, L.P.*, 450 F. Supp. 2d 1294, 1302 (S.D. Fla. 2006) (granting summary judgment because

plaintiff undisputedly was *not* in possession of original note, merely held "addendums" which were dependent on note, and plaintiff did not make any attempt to reestablish the note pursuant to § 673.3091).

Defendants argue that Kahama's motion for summary judgment should be denied because Kahama failed to file the original note or reestablish the note.[6]  In support of this argument, McMillan states in his affidavit that "I am not certain as to who the true party in interest and holder of the alleged Original Note and subsequent notes is."  Dkt. 41, ¶ 5.

This argument fails because any presentment issue was clearly waived in the note: "Presentment. BORROWER, including all guarantors, sureties and endorser hereby severally (a) waive diligence, presentment for payment, demand and protest and also notice of protest, dishonor, acceleration, intent to accelerate, and nonpayment."  Dkt. 12-1, ¶ 2.2.  *See Stearns Bank Nat'l Assoc. v. Marrick Props., LLC*, 2012 WL 1155657, at * 3 (M.D. Fla. April 5, 2012) (quoting *Chris Craft Indus., Inc. v. Van Valkenberg*, 267 So. 2d 642, 646 (Fla. 1972)).

## C.     Conditions Precedent

### i.     Notice of Acceleration

Defendants argue they were not given proper notice of acceleration.  Specifically, they argue that "[t]he Amended Complaint only contains a general allegation, that the debt was accelerated Amended Complaint ¶ 27, and does not contain any specific allegation of the date of any acceleration, where notice was provided to, that notice was provided to the guarantors

---

[6]Black's Law Dictionary defines "presentment" as "the formal production of a negotiable instrument for acceptance or payment."

or any copy of a document accelerating such debt." Dkt. 40, ¶ 11. In support of this affirmative defense, McMillan states in his affidavit that "I did not receive Notice of any acceleration of the Note or any subsequent amendments." Dkt. 42, ¶ 3.

Defendants cannot defend themselves against Kahama's claim on the grounds that they failed to receive proper notice of acceleration because the Note specifically waives "notice of protest, dishonor, acceleration, intent to accelerate, and nonpayment." Dkt. 12-1, ¶ 2.2. Even if Defendants Riveiro and Bahng, solely as guarantors, wished to defend on failure to receive notice of acceleration, that argument fails because the guaranty agreement also waives "grace, demand, protest, notice of intent to accelerate, notice of acceleration, and presentment with respect to this Guaranty Agreement, and notice, demand, protest, notice of acceleration, notice of intent to accelerate and presentment with respect to the Obligations." Dkt. 12-2, ¶ 8. Therefore, the affirmative defense of lack of notice of acceleration fails.

### ii. Notice of Assignment

Defendants also argue that they never received "actual notice of transfers and assignments of the alleged Note and Renewals." Dkt. 40, ¶ 14 (ii). In support of this argument, McMillan in his affidavit states, "The Note allegedly sued upon herein was allegedly transferred multiple times and I did not receive adequate or proper notice of the transfers." Dkt. 41, ¶ 2.

The Guaranty Agreement states, "Guarantor, as primary obligor, agrees not to assert any defense available to Borrower against Lender with regard to the Obligations, other than the defenses of prior performance or limitations, including any defense based upon an

election of remedies of any type or *duty of Lender to disclose information of any type* to Guarantor regarding Borrower or the Obligations." Dkt. 12-2, ¶ 8 (emphasis added). From this language, the three remaining guarantors in their individual capacity, Defendants McMillan, Riveiro, and Bahng, have waived any right to notice of assignment of the Note.

As for Defendant HJH, the Note provides for the lender to assign its interest: "Transfer. LENDER'S interest in this Note may be sold, transferred, hypothecated, assigned, participated, pledged or encumbered." Dkt. 12-1, ¶ 2.3. There is no contractual right to notice of any assignment, and HJH does not point to any statutory right of notice of assignment. Therefore, the affirmative defense of lack of notice of assignment fails.

Accordingly, Defendants' affirmative defenses of failure to comply with conditions precedent fail.

## D.      Setoff

Defendants submitted McMillan's statement that "I do not believe the alleged calculation of any alleged amount due under the Notes is correct." The Court interprets that to be an affirmative defense of setoff of amounts paid because Defendants do not dispute that the Note and Guaranties are in default. Kahama did not submit the actual records upon which Hoss relied in evaluating the amount in default, but neither did Defendants submit alternative records to show Hoss miscalculated the damages amount. As such, if Defendants wish to dispute Kahama's calculations, they may seek the payment history ledgers that Kahama relies upon in their calculations during the reopened discovery period.

### D.      Pending Foreclosure Action

Defendants object to Kahama bringing the present action for a monetary judgment against them while also seeking to foreclose on the commercial property securing the Note in a separate civil suit before this Court, 6:12-cv-1922-JSM-TBM.  The Court acknowledges that it is unusual for a plaintiff to severe the two causes of action, but nothing precludes a party from seeking them in separate suits as long as the plaintiff did not receive complete satisfaction from one of the remedies.  *See LPP Mortg. Ltd. v. Cacciamani*, 924 So. 2d 930, 931 (Fla. 3d DCA 2006) ("[A] suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other." (quoting *Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C.*, 438 So. 2d 408, 409 (Fla. 2d DCA 1983))).  The Court notes that although the foreclosure action was transferred to the Tampa division, Kahama has not yet moved to consolidate it with the present action.

As a final matter, if Defendants seek to introduce affidavits in support of their affirmative defenses upon which they carry the burden, all sworn testimony must adhere to the requirements set forth in 28 U.S.C. ¶ 1746.

### STANDARD FOR MOTION TO STRIKE

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Rule 12(f) limits the time period for a party to make a motion to strike, requiring the movant to file either "before responding to the pleading or, if a

response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2011 WL 398047, at *1 (M.D. Fla. 2011). "A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Kahama seeks to strike the Defendants' affirmative defense and response to Kahama's motion for summary judgment. As an initial note, Kahama's motion to strike Defendants' affirmative defense is untimely and should be denied on the basis that it fails to comply with Rule 12(f)'s twenty-one day requirement. Substantively, both motions must be denied because neither the affirmative defense nor the response to the motion for summary judgment assert "any redundant, immaterial, impertinent, or scandalous matter." Defendants assert in both documents that the pending foreclosure action in state court mandates this case be stayed based upon an oral modification of the contract. That argument relates to the case, does not confuse the issues, and presents no prejudice to Kahama. Accordingly, both motions to strike are denied.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiff's Cross Motion to Strike Defendant's Affirmative Defense (Dkt. 26) is DENIED.

2.     Plaintiff's Motion for Summary Judgment Against the Defendants (Dkt. 38) is GRANTED in part as to the issue of liability under the Note and Guaranties.

3.     Plaintiff's Motion to Strike the Defendants' Response and Affidavit as to Plaintiff's Motion for Summary Judgment (Dkt. 48) is DENIED.

4.     Plaintiff's Motion for Leave to File Reply Brief (Dkt. 48) is DENIED as moot.

5.     Plaintiff's Motion to Reopen Discovery (Dkt. 48) is GRANTED.  Discovery is limited to (1) the affirmative defense regarding the state court quiet title action, Case No.: 2008-20156-CINS, and (2)  the damages amount under the Note and Guaranties.  The new **fact discovery deadline** is **June 24, 2013.** The **dispositive motion deadline** is **July 15, 2013**.

7.     The **Pre-Trial Conference** is re-scheduled for **THURSDAY, August 8, 2013 at 10:00 A.M.** This case is re-set for **NON-JURY TRIAL** during the **September 3, 2013** trial term.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029.sjandstrike.frm