**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAHAMA VI, LLC,

      Plaintiff,

v.                                                                                    Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III , WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS and
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

      Defendants.

_____

### ORDER

THIS CAUSE comes before the Court upon Defendant Howard S. Marks' Motion

and Memorandum of Law to Dismiss Complaint (Dkt. #93) and Defendant Old Republic

National Title Insurance Company's Motion to Dismiss Counts IV and VI through IX of

Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (Dkt.

#95), Plaintiff's Response in Opposition (Dkt. #126) and Plaintiff's Response to Motion

to Dismiss of Old Republic (Dkt. #127) and Defendant Howard S. Marks' Objection to

Plaintiff's Request for Judicial Notice (Dkt # 129). The Court, having considered the

parties' arguments and being otherwise advised in the premises, concludes that Defendant

Howard S. Marks' Motion should be granted in part and denied in part and Defendant

Old Republic National Title Insurance Company's Motion should be granted.

## *Background*

Plaintiff, Kahama VI, LLC ("Kahama")  filed an action to enforce a promissory note against the borrower, HJH, LLC ("HJH") and four individual guarantors; Robert E. W. McMillan, III, John Bahng, William Riveiro, and Kirsten L. Riveiro.[1]  Kahama filed for foreclosure against HJH in the case styled *Kahama VI, LLC v. HJH, LLC*, M.D. Fla. Case No.:6:12-cv-01922-T30-TBM which the Court consolidated with this action.  The property at issue in the foreclosure action is undeveloped beachfront property located in New Smyrna Beach, Florida (the "Property").

In its Second Amended Complaint, Kahama added Howard S. Marks ("Marks") and Old Republic National Title Insurance Company ("Old Republic") as defendants, alleging causes of action for abuse of process, fraudulent transfer, slander of title, unjust enrichment, breach of contract/good faith and fair dealing, and breach of fiduciary duty. Marks served as counsel for HJH in the foreclosure action and other proceedings related to the Property. His prior firm also acted as the title insurance agent for the title insurance policies issued to HJH (the "Owner's Title Policy") and Kahama (the "Lender's Title Policy"). The policies are attached to the complaint as Exhibit 7 and 8, respectively. Old Republic was the underwriter for these policies.

HJH became involved in a dispute with the City of New Smyrna Beach (the "City") and Volusia County (the "County") regarding an alleged easement on the east 150 feet of the Property. The City would not authorize HJH to build beachfront

---

[1] Plaintiff voluntarily dismissed Kirsten L. Riveiro from the case (Dkt.  #60).

condominiums because of the easement.  HJH made a claim on its Owner's Title Policy; in response Old Republic filed a complaint against the City and County in the case styled *HJH, LLC v. Volusia County, Florida, et. al.*, Volusia County Circuit Court Case No. 2008-20156-CINS-02 (the "Quiet Title Action").  Old Republic retained Marks as counsel for HJH in the Quiet Title Action. The City paid HJH $100,000 to settle the claim. The County did not join in the settlement, and the Quiet Title Action is currently set for trial.

Kahama's claims against Marks are primarily based on his actions as counsel for HJH in the Quiet Title Action, and as a member of the law firm that acted as title insurance agent for the title policies issued by Old Republic. Kahama's claims against Old Republic are primarily based on the title policy issued to Kahama's predecessors in interest, and its involvement with the Quiet Title Action. Generally, Kahama claims that Marks and Old Republic pursued an invalid title claim, and have used the Quiet Title Action for the fraudulent purpose of delaying the foreclosure action and thwarting Kahama's collection efforts against HJH and the guarantors.

## *Discussion*

### I.    **Standard for Motion to Dismiss**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings

3

and exhibits attached thereto." *Grossman v. Nationsbank,* N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964–65. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965. Absent the necessary factual allegations, " the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft*, 129 S.Ct. at 1949.

Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c); *see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."). *See also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Therefore,

4

Kahama's requests that the Court take judicial notice of the exhibits attached to the Second Amended Complaint is denied as unnecessary.

### II.     Dismissal as to Counts IV, V, VI, VII, VIII, and IX

#### a.  Count IV - Abuse of Process

A cause of action for abuse of process requires proof that: (1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n. 2 (Fla. 5th DCA 2001) (citing *Thomson McKinnon Securities, Inc. v. Light*, 534 So. 2d 757, 760 (Fla. 3d DCA 1988); *Della–Donna v. Nova Univ., Inc.,* 512 So. 2d 1051 (Fla. 4th DCA 1987)).

Courts in Florida have made it clear, however, that an abuse of process claim requires more than the issuance of process for an improper motive. *See McMurray v. U– Haul Co., Inc.,* 425 So. 2d 1208, 1209–10 (Fla. 4th DCA 1983); *Blue v. Weinstein*, 381 So. 2d 308, 310 (Fla. 3d DCA 1980). Instead, a claimant must allege "an act which constituted misuse of the process after it was issued." *McMurray*, 425 So. 2d at 1209. "Ulterior motive alone is insufficient; there is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action in the complaint." *Id*. *See also Scozari v. Barone*, 546 So. 2d 750, 751 (Fla. 3d DCA 1989) ("There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose.").

In this case Kahama essentially alleges that Marks and Old Republic engaged in an abuse of process by: (1) filing the Quiet Title Action for the purpose of interfering

with Kahama's right to enforce its mortgage and promissory note against HJH and (2) receiving and concealing the settlement funds on behalf of HJH.  The act of filing the Quiet Title Action on its own is not enough; the alleged act that constitutes "abuse" must occur *after* the filing of the complaint. *See McMurray*, 425 So. 2d at 1209.  Kahama also points to the counterclaim filed by Marks on behalf of HJH in the foreclosure action as further evidence of abuse.   Kahama does not point to any legal or factual basis as to why Marks or Old Republic should have revealed to Kahama, a non-party to the action, that HJH received funds pursuant to a settlement agreement.

Assuming all of Kahama's well pled allegations are true, Kahama does not state a cause of action for abuse of process because it fails to allege sufficient facts to show illegal, improper or perverted process. The allegations amount to only a claim of improper or ulterior motive for filing the Quiet Title Action, which is not sufficient to sustain this cause of action. *See McMurray*, 425 So. 2d at 1209.

Kahama also fails to state a claim against Old Republic for abuse of process because Old Republic is not a party to the Quiet Title Action; and unlike Marks, has not appeared in that action. Kahama's claim of abuse of process against Old Republic is too attenuated. There are not sufficient facts alleged from which the Court can draw any reasonable inferences to allow this claim to stand.   Accordingly, this claim is dismissed without prejudice to Kahama to amend the Second Amended Complaint to include sufficient allegations.

### b. Count V Fraudulent Transfer[2]

To plead a cause of action for violation of the Florida Uniform Fraudulent Transfer Act ("FUFTA") under § 726.105, Florida Statutes  plaintiffs must allege: (1) they were creditors who were defrauded, (2) that defendant intended to commit the fraud, and (3) that the fraud involved a conveyance of property that could have been applicable to the payment of the debt due. *See Dillon v. Axxsys Int'l, Inc.*, 185 Fed. Appx. 823, 828–29 (11th Cir. 2006) (citing *Nationsbank, N.A. v. Coastal Utils. Inc.*, 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002)).

Alternatively, under § 726.106, Florida Statutes, a transfer is fraudulent if: (1) the creditor's claim arose before the transfer was made; (2) the debtor did not receive a reasonably equivalent value in exchange for the transfer; and (3) the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Count V alleges sufficient facts to state a claim for fraudulent transfer against Marks. It alleges that Kahama is the creditor of HJH pursuant to the promissory note, that HJH intended to commit fraud, and that the fraud involved the transfer of the settlement funds which could have been used to pay the promissory note. *See* Fla. Stat. § 726.105. Kahama also alleges that the action for foreclosure and enforcement of the promissory note arose prior to Marks' receipt of the settlement funds; Marks did not provide "equivalent value" for the transfer and that HJH was "presumed insolvent" at the time of transfer. *See Id.* § 726.106. Therefore Count V of the Second Amended Complaint

---

[2] Old Republic did not include this count in its Motion to Dismiss.

adequately states a cause of action for fraudulent transfer against Marks under either §

726.105 or § 726.105, Florida Statutes.

Marks' argument that Kahama essentially alleges a cause of action for aiding and

abetting a fraudulent transfer is incorrect. The Eleventh Circuit has held that an attorney

can be liable under a fraudulent transfer claim based on facts substantially similar to this

case. *See In re Harwell*, 628 F.3d 1312 (11th Cir. 2010). In *In re Harwell,* the attorney

received settlement funds from a judgment-debtor in bankruptcy which he placed into his

trust account. He subsequently disbursed the settlement funds to himself and others with

knowledge of the judgment debt and at the direction of the judgment-debtor.  The court

held that the attorney was an "initial transferee" for fraudulent transfer purposes. *Id.* at

1323.  Therefore, under the statute authorizing the bankruptcy trustee to recover the value

of avoided fraudulent transfers from initial transferees, the attorney could be held liable

for $500,000 in settlement funds. *See* 11 U.S.C. § 550(a)(1).

This case is distinguishable from *Feldkamp v. Long Bay Partners, LLC*, 2011 WL

693576 (M.D. Fla. Feb.18, 2011) upon which Marks relies in his opposition. In *Feldkamp*

the court dismissed the fraudulent transfers cause of action because the allegations were

"verbose and confusing," contained "extended argument," and failed to name the

"insiders" to whom defendants fraudulently transferred assets. Although the allegations

are verbose and confusing, Plaintiff names the insider to whom HJH transferred the

funds. Specifically Kahama alleges that Marks' law firm received the settlement funds

into its trust account on behalf of HJH, a portion of which Marks subsequently disbursed

"to himself, the HJH Defendants and/or Old Republic."

### c. Count VI Slander of Title

In an action for disparagement of title, "the plaintiff must allege and prove the following elements: (1) A falsehood (2) has been published, or communicated to a third person (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood." *McAllister v. Breakers Seville Ass'n, Inc.*, 981 So. 2d 566, 573 (Fla. 4th DCA 2008).

Marks and Old Republic contend that Kahama may not bring a slander of title action because it does not hold title to the Property, only a lien interest through the mortgage. Generally, a plaintiff bringing a slander of title claim should have title to the property at issue. *See e.g. Procacci v. Zacco*, 402 So. 2d 425, 426 (Fla. 4th DCA 1981) ("Slander of title … arises out of injurious falsehood, such as malicious statements concerning *title* to one's property.") (Emphasis added). The Court sees no reason to depart from this general proposition. Kahama's reliance on *Maass v. Christensen*, 414 So. 2d 255 (Fla. 4th DCA 1982) is unpersuasive. In *Maass*, the court held that a slander of title action could be brought against persons who claimed an adverse interest in a condominium parking space. *See id.* at 258. However, unlike Kahama, Maas was the title owner of the condominium unit and parking space at issue. *Id.*

Kahama has not alleged that it has title to the Property, merely a mortgage interest. "Under Florida law a mortgage does not convey title or create any interest in real property." *Southern Colonial Mortg. Co., Inc. v. Medeiros*, 347 So. 2d 736, 738 (Fla. 4th DCA 1977); *see also* § 697.02, Fla. Stat. ("A mortgage shall be held to be a specific lien

on the property therein described, and not a conveyance of the legal title or of the right of possession."). *See also Wertkin v. Wertkin*, 763 So. 2d 461, 464 (Fla. 4th DCA 2000) ("[A] mortgage in Florida does not transfer title, possession, or any other interest other than a naked lien....") (internal quotations and citations omitted).

Kahama does not offer any facts to support its allegation that the Quiet Title Action is false or fraudulent. On the contrary, it attaches the City's Answer to the Quiet Title Action which contradicts this allegation. The City's first affirmative defense states that "[HJH] does not have title to that portion of the soft sand beach eastward of the 150' deep lot which would include littoral rights as an incident of ownership."  Further, the settlement agreement between the City and HJH, also attached to the Second Amended Complaint states that a "dispute arose as to the development of the Property, whereby the City claims that [HJH] does not own a portion of the Property…." Therefore, Kahama failed to meet its obligation to sufficiently plead a claim for slander of title as to Marks and Old Republic.  *See Griffin Indus., Inc.,* 496 F.3d at 1205-06 ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

 Kahama admits in its response to the motion that "these facts could be pled more precisely," with which the Court agrees. Accordingly, this claim is dismissed without prejudice to Kahama to amend the Second Amended Complaint to include sufficient allegations.

### d.  Count VII Unjust Enrichment

Under Florida law, the elements of a cause of action for unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the

defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying for it. *See Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994); *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.,* 667 So. 2d 876 (Fla. 3d DCA 1996).

Kahama fails to state a cause of action for unjust enrichment in claiming that Marks and Old Republic were unjustly enriched by the settlement proceeds. The complaint does not allege that Kahama conferred the benefit to Marks or Old Republic. It is undisputed that the settlement proceeds came from the City, through its insurer. Since Kahama did not confer the benefit, it cannot sustain the unjust enrichment claim. *See Fito v. Attorney's Title Insurance Fund, Inc.*, 83 So. 3d 755 (Fla. 3d DCA 2011) (Insurers failed to establish that it conferred a benefit on individuals and entities that received funds from a lender in a fraudulent mortgage action and therefore could not sustain an unjust enrichment claim against them).

Further, Kahama did not state a claim for unjust enrichment as to the payment of the past due taxes on the Property. Assuming that Kahama paid the past due taxes as alleged in the Second Amended Complaint "at Marks' personal request," the benefit was conferred onto HJH, not Marks or Old Republic. Accordingly, this claim is dismissed without prejudice to Kahama to amend the Second Amended Complaint to include sufficient allegations.

### e.  Count VIII Breach of Contract/Good Faith and Fair Dealing

The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th

Cir. 1999) (citing *Abruzzo v. Haller,* 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

Further, "[a] breach of the implied covenant of good faith and fair dealing is not an

independent cause of action, but attaches to a specific contractual obligation." *Centurion*

*Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005).

Kahama alleges the following in its Second Amended Complaint:

> 139. Old Republic breached the insurance policy contact [sic]
> by approving HJH's claim, contrary to the owner's policy,
> resulting in the funding of the quiet title case, which was
> abused to create the alleged title dispute with the City and
> County to interfere with the enforcement of the Instruments
> by Plaintiff and its predecessors, also violating the covenant
> of good faith and fair dealing.

> 140. Old Republic also breached the insurance contract by
> wrongfully rejecting and/or failing to investigate Plaintiff's
> claim or HJH's insurance claim, continuing to fund the
> abused, meritless quiet title case in its own self-interest and
> concealing the settlement from Plaintiff, also violating the
> covenant of good faith and fair dealing.

> 141. Defendants Old Republic and Marks also breached the
> contract because they failed to procure insurance coverage in
> Plaintiff's insurance policy, which they wrote and/or issued as
> to the alleged 1917 easement, which was omitted from
> Plaintiff's policy.

Kahama does not state sufficient facts to allege a breach of contract claim against

Marks or Old Republic.  The Second Amended Complaint states that the insurance policy

issued by Old Republic "encompasses Defendant Marks, its agent." It does not properly

allege that Marks is a party to the policy, nor does it allege that Marks issued the title

policy. The Lender's Title Policy attached to the Second Amended Complaint shows that

Marks' prior firm, the office of Graham, Builder, Jones, Pratt & Marks, LLP issued the

title policy. Marks is not a signatory to the insurance policy, nor does he appear as the insurer or the insured.

Further, Kahama does not identify an express provision of the insurance policy that Old Republic allegedly breached. Even when taken as true, the allegations are unclear, inconsistent and contradictory. Kahama alleges that Old Republic's authorization of the filing of the Quiet Title Action constituted breach of the Lender's Title Policy. However, it states in the general allegations of the complaint, incorporated by reference, that "[t]he only cure for the policy omission was defeating the claims of the City and County to the Property in a quiet title action."

Additionally, Kahama's generalized assertions that Old Republic should "provide insurance coverage to Plaintiff" and "promptly resolve any title issues" are not sufficient to plead a cause of action for breach of good faith and fair dealing. *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) ("A duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract."). Therefore, Kahama fails to state a cause of action for breach of contract/good faith and fair dealing as to Marks and Old Republic. Accordingly, this claim is dismissed without prejudice to Kahama to amend the Second Amended Complaint to include sufficient allegations.

### f. Count IX Breach of Fiduciary Duty

The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *Minotty v. Baudo*, 42 So. 3d 824, 836 (Fla. 4th DCA 2010) (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)).

The complaint makes conclusory allegations that a confidential relationship existed between Kahama's predecessors and Old Republic as its insurer and Marks, as Old Republic's agent. No facts in the complaint support the conclusion that Marks had a fiduciary duty to Kahama or its predecessors. Marks was engaged in an arms-length transaction when his firm acted as the title insurance agent for Kahama's predecessors. Therefore, "there was no duty imposed on either party to act for the benefit or protection of the other party." *See Schwab v. Hites,* 896 F. Supp. 2d 1124, 1134 (M.D. Fla. 2012) (citing *Metcalf v. Leedy, Wheeler & Co.*, 191 So. 690 (Fla. 1939).

As to Old Republic, there is no fiduciary relationship between an insurer and an insured under Florida law. *See Time Ins. Co., Inc. v. Burger*, 712 So. 2d 389, 391 (Fla. 1998) ("[U]nlike the fiduciary relationship existent in a third-party claim, the relationship between the [insured and insurer] is that of debtor and creditor."). Therefore, even if Kahama's allegations are taken as true, they fail to state a cause of action for breach of fiduciary duty by Marks or Old Republic. Accordingly, this claim is dismissed without prejudice, to Kahama to amend the Second Amended Complaint to include sufficient allegations.

### III.    Statute of Limitations

Although the statute of limitations is generally considered an affirmative defense that the defendant must plead and prove, the Eleventh Circuit has held that the court can dismiss a complaint under Rule 12(b)(6) for failure to state a claim if it is apparent from the face of the complaint that the claim is time-barred. *See Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005). The court does not reach Marks' argument

that Kahama's claims in Counts IV, VI, VII, VIII, and IX are time barred since they failed to state a claim as a matter of law.

### IV.    Marks' Litigation Privilege Defense

Marks argues that he is entitled to absolute immunity on all of the counts based on litigation privilege. Generally, litigation privilege is as an affirmative defense against a claim. *See Am. Nat. Title & Escrow of Florida, Inc. v. Guarantee Title & Trust Co.*, 810 So. 2d 996, 998 (Fla. 4th DCA 2002). However, Florida courts have "made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when 'the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action.'" *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (quoting *Evans v. Parker*, 440 So. 2d 640, 641 (Fla. 1st DCA 1983)).  The Court does not reach this issue as to Counts IV, VI, VII, VIII, and IX since they failed to state a claim as a matter of law. However, as to Count V for fraudulent transfer, the Court concludes that the Second Amended Complaint does not "affirmatively and clearly" show the applicability of the litigation privilege as a bar to the action.  However, this conclusion does not preclude Marks from raising this defense at summary judgment or trial.

### *Conclusion*

Kahama's Second Amended Complaint does not state a cause of action for abuse of process, slander of title, unjust enrichment, breach of contract/good faith and fair dealing, and breach of fiduciary duty against Marks and Old Republic.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Howard S. Marks' Motion and Memorandum of Law to Dismiss Complaint (Dkt. #93) is granted in part and denied in part.

2.      Defendant Old Republic National Title Insurance Company's Motion to Dismiss (Dkt. # 95) is granted.

3.      Counts IV, VI, VII, VIII, and IX of Plaintiff's Second Amended Complaint (Dkt. #72) are hereby dismissed as to Howard S. Marks and Old Republic National Title Insurance Company without prejudice to Kahama to amend the Second Amended Complaint to allege sufficient facts.

4.      Kahama may amend the Second Amended Complaint within fourteen (14) days from the date of this Order.

      **DONE** and **ORDERED** in Tampa, Florida, this 12th day of September, 2013.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 mtd 93.docx