**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KAHAMA VI, LLC,

    Plaintiff,

v.                                              Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III , WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

    Defendants.

---

**ORDER**

THIS CAUSE comes before the Court upon the Defendant Howard S. Marks' Motions for Sanctions (Dkt. #164, 165, 166, 167, and 168) and Plaintiff's Response in Opposition to the Motions (Dkt. #179). The Court, having reviewed the Motions, response, and being otherwise advised in the premises, concludes that the Motions should be denied.

*Background*

On September 7, 2011, Plaintiff brought this action to enforce certain negotiable instruments, including a promissory note, renewals and guarantees against HJH, LLC and John Bahng, Robert E.W. McMillan, III, Kirsten L. Riveiro, and William R. Riveiro as guarantors of the debt. Plaintiff then filed a Second Amended Complaint, joining Defendants Howard S. Marks ("Marks") and Old Republic National Title Insurance Company ("Old Republic"), adding additional claims for abuse of process, fraudulent

transfer, slander of title, unjust enrichment, breach of contract/good faith and fair dealing and breach of fiduciary duty. Kahama brought these claims based on Marks and Old Republic's actions regarding a quiet title case involving the real property secured as collateral for the note and mortgage, in the case styled *HJH, LLC v. Volusia County, Florida, et. al.*, Volusia County Circuit Court Case No. 2008-20156-CINS-02. In that case, Marks represents Defendant HJH, LLC and was retained by Defendant Old Republic, the joint title insurance company for Plaintiff and Defendant HJH, LLC.

Kahama served Marks with the Second Amended Complaint on July 8, 2013. He filed a motion to dismiss all of the claims, which this Court granted except for the fraudulent transfer claim. Plaintiff received leave to amend the Second Amended Complaint. Defendant Marks' filed the Motions for Sanctions at issue in this Order alleging that Kahama, and its attorney, violated Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 by pursuing the claims for abuse of process, slander of title, unjust enrichment, breach of contract, and breach of fiduciary duty.

*Discussion*

**I. Sanctions Pursuant to Federal Rule of Civil Procedure 11**

Pursuant to Federal Rule of Civil Procedure 11(b), any individual who files a pleading, written motion, or other paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

> (1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Regarding Rule 11's "safe harbor" provision and requirement to file a motion for sanctions separately from other motions, Rule 11(c)(2) provides as follows:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A. G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)). *See also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses .... They 'may be imposed for the purpose of deterrence, compensation and punishment.' ") (citations omitted).

Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad

3

faith for an improper purpose. *See Didie*, 988 F.2d at 1104 (citations omitted); *Kaplan*, 331 F.3d at 1255 (citations omitted).

Marks has not made a sufficient showing that Plaintiff's counts for abuse of process, slander of title, unjust enrichment, breach of contract, and breach of fiduciary duty in the Second Amended Complaint were frivolous and completely lacked a factual or legal basis. Given the benefit of hindsight, a review of this case demonstrates that Plaintiff's claims lacked sufficient allegations to sustain those claims on a Motion to Dismiss. Nonetheless, the claims were not objectively frivolous and Marks makes no showing of conduct by counsel so egregious as to be tantamount to bad faith.

The record reflects that Plaintiff conducted pre-filing discovery in this case and based these allegations on facts and circumstances discovered during the prosecution of the quiet title case. The Second Amended Complaint was filed two years after the original complaint. In those two years the parties have attended mediation, and Plaintiff has filed a Motion for Summary Judgment and engaged in discovery and extensive motion practice regarding several of the issues in this case. Therefore, the Court concludes that Rule 11 sanctions are not warranted at this time.

**II. Sanctions pursuant to 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In the Eleventh Circuit there are three requirements a party must satisfy with respect to an award of sanctions under § 1927: "(1) an attorney must engage in unreasonable and

vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (internal quotations omitted). The Eleventh Circuit has long held that "the provisions of § 1927, being penal in nature, must be strictly construed." *Id*.

An attorney multiplies court proceedings "unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Id*. (internal quotations omitted). The Motions do not provide sufficient facts to show conduct so egregious that it amounts to bad faith on the part of Kahama and its attorney to justify sanctions based on allegations in the Second Amended Complaint. Therefore, the Court concludes that sanctions pursuant to 28 U.S.C. § 1927 are not warranted at this time.

It is therefore ORDERED AND ADJUDGED that the Motions for Sanctions (Dkts. #164, 165, 166, 167, and 168) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 rule 11 motion.docx