**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAHAMA VI, LLC,

    Plaintiff,

v.                                          Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, *et al.*,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Kevin P. Donaghy's Motion to Dismiss Third Amended Complaint (and Corrected Third Amended Complaint (Dkt. # 171), Defendants' HJH, LLC, Robert E.W. McMillan, III, William Riveiro and John Bahng's ("HJH Defendants") Motion to Dismiss Third Amended Complaint and Corrected Third Amended Complaint (Dkt. #172), Howard S. Marks' Motion and Memorandum of Law to Dismiss and/or Strike "Third Amended Complaint" (Dkt. #173), Old Republic National Title Insurance Company's ("Old Republic") Motion to Dismiss Third Amended Complaint and Corrected Third Amended Complaint (Dkt. #176), Howard S. Marks' Motion for Protective Order/Stay and Extension of Time (Dkt. #182), Motion to Stay by John Bahng, Kevin Patrick Donaghy, HJH, LLC, Robert E.W. McMillan, III, William R. Riveiro (Dkt. #187) and Plaintiff's Responses in Opposition (Dkts. #197, 199, and 200). Upon review and consideration, the Court concludes that the Defendants'

Motions to Dismiss should be granted in part and denied in part. Further, the Motions to Stay Discovery are denied as moot.

*Background*

The Court provided a thorough background of this case in its September 12, 2013 Order (Dkt. # 135). In that Order, the Court granted Kahama VI, LLC ("Kahama") leave to amend its Second Amended Complaint to sufficiently allege a factual basis for its causes of action for abuse of process, slander of title, unjust enrichment, breach of contract/covenant of good faith and fair dealing, and breach of fiduciary duty. Since the Court entered the Order, the Plaintiff filed a Third Amended Complaint ("TAC") on October 1, 2013 (Dkt # 149). The document did not have any exhibits attached. On October 2, 2013, Plaintiff filed a Corrected Third Amended Complaint (Dkt. #150). The allegations in the corrected document are not identical to the original; Plaintiff changed and added additional language and attached exhibits.

Kahama's TAC abandoned several of the counts in the Second Amended Complaint (breach of fiduciary duty, slander of title, and abuse of process as to all Defendants, and unjust enrichment as to Old Republic). Kahama added causes of action for negligent and fraudulent misrepresentation, vicarious negligent and fraudulent misrepresentation, and conspiracy. Kahama also added Kevin P. Donaghy as a Defendant, who is also the attorney for the HJH Defendants in this action.

The TAC lists the following twelve causes of action: Count I enforcement of instruments against the HJH Defendants, Count II foreclosure of commercial property against the HJH Defendants, Count III payments and/or possession against the HJH

2

Defendants, Count IV negligent misrepresentation as to Marks and vicarious negligent misrepresentation as to the other Defendants, Count V fraudulent misrepresentation as to Marks and vicarious fraudulent misrepresentation as to the other Defendants, Count VI negligent misrepresentation against Old Republic, Count VII fraudulent misrepresentation against Old Republic, Count VIII fraudulent transfer against all Defendants, Count IX for conspiracy against all Defendants, Count X for unjust enrichment against Marks and Donaghy, Count XI for declaratory action against all Defendants and Count XII for breach of contract against Old Republic. All of these counts, except Count XII, are the subject of the Motions to Dismiss.

*Discussion*

### I. Standard for Motion to Dismiss

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank,* N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964–65. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965. Absent the necessary factual allegations, "the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft*, 129 S.Ct. at 1949.

Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c); *see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."). *See also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

## II.   The Corrected Third Amended Complaint

The Defendants have not demonstrated any prejudice from the filing of the "Corrected" TAC. Plaintiff filed the TAC at 11:58 p.m. on October 1, 2013, and filed the Corrected TAC at 1:13 p.m. the next day. Although the parties may have had an opportunity to quickly review the original TAC, certainly none of the parties detrimentally relied on it


to the extent that it somehow prejudiced their defense of this action. Therefore any requests to strike or dismiss the Corrected Third Amended Complaint solely on the basis that the Plaintiff did not have authority of this Court to file it are denied. The Court will consider only the Corrected TAC (hereinafter referred to only as the "TAC") for purposes of ruling on the Motions to Dismiss in this Order.

### III. The Additional Claims and Additional Party in the TAC

Rule 15 of the Federal Rules of Civil Procedure requires a party to seek leave of court or written consent of the opposing party when amending a complaint. Fed.R.Civ.P. 15(a)(2). Further, a motion to amend a pleading after the issuance of a Case Management and Scheduling Order is disfavored. *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D). Additionally, the Case Management and Scheduling Order may be modified only for good cause and with the judge's consent. Fed.R.Civ.P. at 16(b)(4). Technically Kahama should have requested leave to add the new claims and parties to its TAC. The Court's September 12, 2013 Order permitted amendment to clarify the existing claims; it did not permit adding new claims or parties. However, Kahama may remedy the procedural defect by filing a Motion to Amend the Complaint to add these new claims, which the Defendants would likely oppose with the same or similar arguments that they have raised in their respective Motions to Dismiss. Therefore, for the sake of judicial economy, the Court will review Kahama's TAC as a request to amend the Complaint and consider the substantive arguments for dismissal of the TAC. To the extent any of the new claims survive, the Court will take into consideration the timeliness of the new claims, whether Kahama has shown good cause, and any prejudice to the Defendants.

## IV. Claims Common to All Defendants

Five of the counts pertain to all of the Defendants: Count IV for negligent misrepresentation as to Marks and vicarious negligent misrepresentation as to the other Defendants, Count V for fraudulent misrepresentation as to Marks and vicarious fraudulent misrepresentation as to the other Defendants, Count VIII for fraudulent transfer against all Defendants, Count IX for conspiracy against all Defendants, and Count XI for declaratory action against all Defendants.

### a. Counts IV and V – *vicarious negligent and fraudulent misrepresentation*

The claims regarding fraudulent and negligent misrepresentation as to Marks will be dismissed as more fully discussed in Section VII. As to the claims for vicarious fraudulent and negligent misrepresentation as to all Defendants besides Marks, the TAC makes a conclusory allegation that all other Defendants are somehow vicariously liable for Marks' alleged misrepresentation of various facts to Kahama and its predecessors. The TAC provides no supporting facts or legal basis to demonstrate why these Defendants are vicariously liable for any of Marks' actions. As to Old Republic's potential liability, under Florida law "counsel hired to represent the insured is an independent contractor, and the insurer is not vicariously liable for counsel's acts and omissions." *Zurich Am. Ins. Co. v. Frankel Enterprises*, 287 Fed. Appx. 775, 779 (11th Cir. 2008) (*citing Aetna Cas. & Sur. Co. v. Protective Nat'l Ins. Co. of Omaha*, 631 So. 2d 305, 308 (Fla. 3d DCA 1993). Since Kahama alleges that Marks engaged in fraudulent and negligent misrepresentation against

it after being retained by Old Republic to represent HJH in the Quiet Title Action, the allegations that Old Republic is vicariously liable for his actions during the pendency of that litigation do not state a cause of action. Therefore Counts IV and V should be dismissed as to all Defendants.

### b. Count VIII - fraudulent transfer

As to Count VIII for fraudulent transfer, the allegations state sufficient facts to sustain a cause of action against all of the Defendants, except Old Republic.

### c. Count IX - conspiracy

Count IX for conspiracy relies on the negligent and fraudulent misrepresentation claims as the underlying offense for the conspiracy. "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Charles v. Florida Foreclosure Placement Ctr., LLC,* 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008); *Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 950 (Fla. 3d DCA 1984) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff."). *See also Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997) (finding that "an actionable conspiracy requires an actionable underlying tort or wrong"). Florida law is well established that a claim that fails to state a cause of action may not serve as the basis for a conspiracy claim. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217 (11th Cir. 1999) (applying

Florida law). Since the underlying claims for negligent and fraudulent misrepresentation will be dismissed, the conspiracy claim must also be dismissed.

### d. Count XI - declaratory action

As to the declaratory action against all of the Defendants in Count XI, Kahama fails to state a cause of action. Declaratory judgments may be sought "[i]n a case of actual controversy . . . to declare the rights and other legal relations of any interested party . . . ." 28 U.S.C. § 2201. "The controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (internal citations omitted). Plaintiff has not pled an "actual controversy" as its basis for seeking declaratory relief, but rather is seeking an advisory opinion about what would happen "in the event of a loss," i.e. to whom must Old Republic pay the proceeds of the owner's or lender's title insurance policy if the Quiet Title Action fails to resolve all of the title issues. A claim seeking declaratory judgment that involves an insurer's obligations with respect to a hypothetical situation does not satisfy the actual controversy standard of the Declaratory Judgment Act. *See Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409 (11th Cir. 1995) (finding no case or controversy existed at the time plaintiff filed its complaint seeking declaratory judgment to determine extent of its insurance coverage based only on insurers' denial of coverage to other companies under similar circumstances in the past and before insurer took a position with regards to its duties under the policy). Therefore, Count XI should be dismissed.

      **V.**      **Donaghy's Motion to Dismiss - Count X - unjust enrichment**

Defendant Kevin P. Donaghy, *pro se*, moves to dismiss himself entirely from the case and to dismiss Count X for unjust enrichment. Donaghy argues that adding a new party to the case at this late stage in the litigation would prejudice him and his clients since he has been litigating this case on behalf of the HJH Defendants since its inception. However, Kahama argues in its opposition to the Motion that it became aware of Donaghy's involvement with the disbursement of the settlement proceeds at the status conference on August 16, 2013, when Donaghy admitted that some of the settlement proceeds went to pay his fees. Therefore, Kahama added the claim against Donaghy after it became aware of the facts supporting the cause of action. As the Court noted in its September 12, 2013 Order, there is case law to support a fraudulent transfer cause of action against an attorney who received funds for his client and disbursed it to himself and others at the direction of his client with knowledge of a creditor's claim against the funds. *See In re Harwell*, 628 F.3d 1312 (11th Cir. 2010). However, the unjust enrichment claim fails to state a cause of action as to Donaghy as more fully discussed in Section VII. Therefore, Count X should be dismissed as to Donaghy.

      **VI.**      **The HJH Defendants' Motion to Dismiss - Counts I, II, and III – enforcement of instruments, foreclosure, and payments and/or possession**

The HJH Defendants move to dismiss the following counts not addressed above: Counts I, II and III. They argue that these claims are time barred by the statute of limitations because of Kahama's procedural errors in filing the TAC. As stated earlier in this Order, the Court will not allow these procedural defects to form the basis for dismissal. The Court

will allow these counts to relate back to the filing of the original complaint. *See* Fed. R. Civ. P. 15 (c)(1)(B).

### VII. Marks' Motion to Dismiss - Counts IV,V, and X- negligent and fraudulent misrepresentation and unjust enrichment

As to Counts IV and V, Kahama alleges negligent and fraudulent misrepresentations based on Marks' alleged representations to Kahama and its predecessors that

> (a) he was retained by and represented only Old Republic regarding the alleged title claims, in the quiet title case; (b) which would be resolved in a matter of months; (c) in order to make the property sufficiently marketable to satisfy the debt (d) which could only be cured by Defendant Marks' representation of HJH in the quiet title case as the claims were not covered by the lender's title policy and would not survive a foreclosure.

Kahama further alleges that Marks omitted disclosure of material facts regarding:

> (a) his personal and/or business involvement with HJH and its members; (b) his intent to delay the quiet title case to benefit the HJH Defendants and himself by delaying enforcement of the Instruments, for which he would be paid and delaying resolution of the claims, which Old Republic would not have to pay; (c) the lender's policy would cover the alleged claims which could be resolved during and/or after foreclosure; and (d) concealing the settlement with the City from Plaintiff.

To state a cause of action for negligent misrepresentation, a plaintiff must allege that: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely ... on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650-51 (Fla. 3d DCA 2006).

To state a cause of action for fraudulent misrepresentation, a plaintiff is required to allege the following elements in the complaint: "(1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages." *Romo*, 930 So. 2d at 653. Justifiable reliance is not a necessary element for fraudulent misrepresentation. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010).

To the extent that Kahama relies on omissions as its basis for fraudulent or negligent misrepresentation, under Florida law, omissions are not actionable as negligent or fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure to the complainant. *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879-880 (Fla. 4th DCA 2000). A duty to disclose arises when one party has information that the other party has a right to know because of a fiduciary or other relation of confidence between them. *Id*. at 880. There are no legal or factual allegations supporting Marks' duty to disclose to Kahama or its predecessors any of the alleged omissions.

As to the fraudulent misrepresentation claim, the general rule of law is that a false statement of fact must concern a past or existing fact in order to be actionable. *Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168, 172 (Fla. 4th DCA 1994). A successful action for fraudulent misrepresentation may not ordinarily be premised upon a promise of future action. *Id*. However, the exception is recognized where the promise of future action is made with no intention of performing or with a positive intention not to perform. *Id*. Kahama essentially alleges that Marks promised future actions regarding the outcome of

the Quiet Title Action, but does not allege that Marks had no intention of actually resolving the action.

The TAC otherwise asserts reliance on statements regarding matters of law, which will not sustain this action. In Florida, in order to be actionable, a fraudulent misrepresentation must be of a material fact, rather than a mere opinion or a misrepresentation of law. *Chino Elec., Inc. v. U.S. Fid. & Guar. Co.*, 578 So. 2d 320, 323 (Fla. 3d DCA 1991). This means that "in the normal business transaction a person should not rely on such ephemeral matters as an opposing party's opinions, judgments, or legal views, but instead should rely on more substantial matters, namely, the opposing party's representations of fact which are material to the transaction." *Id*. *See also Nagashima v. Busck*, 541 So. 2d 783 (Fla. 4th DCA 1989). Essentially, all of Marks' alleged misrepresentations fall into one of the above-mentioned categories: opinions, statements of law or promise of future actions. Therefore, Kahama's fraudulent misrepresentation claims should be dismissed for failure to state a cause of action.

As to the claim for negligent misrepresentation, Kahama has not alleged any legal or factual basis to show "justifiable reliance" sufficient to sustain the negligent misrepresentation cause of action. Based on the allegations in the TAC, Kahama and its predecessors are corporate entities engaged in mortgage lending, they were represented by counsel, and the Kahama and HJH were in an adversarial relationship when Marks made the alleged statements. Therefore, Kahama and its predecessors cannot sufficiently allege that they justifiably relied upon representations made by opposing counsel regarding the potential duration of the litigation in the Quiet Title Action and the case's ultimate effect

12

on the marketability of the property at issue.  *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1304 (11th Cir. 2003) (holding that under Florida law, any reliance by plaintiffs on defendant's misrepresentations and omissions in its discovery responses was unreasonable and unjustifiable as matter of law, where plaintiffs were "sophisticated players in the industry," represented by counsel, and the parties had been in an adversarial relationship); s*ee also Florida Evergreen Foliage v. E.I. Dupont de Nemours & Co*., 470 F. 3d 1036, 1043 (11th Cir. 2006). As such, Counts IV and V should be dismissed.

Marks moves to strike the TAC in its entirety based on the procedural defects described above. The Court will deny the Motion to Strike on that basis. Marks also moves to strike Kahama's claim for punitive damages. This issue is moot as to Count IV, V and IX since those counts will be dismissed. As to Count VIII, pursuant to §768.72, Florida Statutes, there must be a reasonable showing of evidence that provides a reasonable basis for the recovery of punitive damages. However, a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages. *Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1072 (11th Cir. 2000) *vacated in part*, 204 F.3d 1069 (11th Cir. 2000). The Eleventh Circuit did not decide whether or not federal discovery rules preempt the portion of the statute that requires a proffer of evidence to support the punitive damages claim in *Cohen*. *See Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001).  Kahama argues that it pleads sufficient facts to establish a reasonable basis to support punitive damages.  The Court will allow that claim

to go forward at this time. As to Marks' claim for absolute immunity based on his litigation privilege, the Court will reserve ruling on that issue until summary judgment.

In Count X, Kahama alleges that Marks and Donaghy were unjustly enriched by Kahama's payment of the past due taxes on the property. It argues that they received the benefit of the payment because they "retain an ownership and/or business interest in HJH." The Court concludes that Kahama fails to state a cause of action. HJH, according to Kahama's own allegations, is a limited liability company. Therefore even if Marks and Donaghy are members of the company, they would not be liable for the debts and obligations of HJH, solely by being members. Fla. Stat. § 608.4227(1). Therefore, Count X should be dismissed against Marks.

**VIII.   Old Republic National Title Insurance Company's Motion to Dismiss- Counts VI and VII – negligent and fraudulent misrepresentation**

Old Republic moves this Court for entry of an order dismissing the following not addressed above: counts VI and VII of the TAC. Some of the alleged statements identified by Kahama in the TAC are opinions and promises to perform in the future and therefore do not qualify as misrepresentations of fact. Further, the statements that Old Republic made which form the basis for the misrepresentation claims all occurred in 2012, well before Kahama filed its Second Amended Complaint. Therefore, Kahama was aware of the facts that form the basis of these claims since at least November 2012 but delayed in bringing these actions against Old Republic. Therefore, these claims are untimely and the Court will dismiss them accordingly. *See Jameson v. Arrow Co.*, 75 F.3d 1528 (11th Cir. 1996) (court did not permit employee to amend pleadings to add retaliation claim, where basic

14

facts giving rise to retaliation theory were available when second amended complaint was filed and employee delayed considerably in seeking to amend complaint for third time.) *See also Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998) (denying plaintiff's proposed amendment as untimely and redundant in light of the numerous counts alleged in the complaint and the fact that the motion to amend came several years after the initial complaint was filed.)

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Kevin P. Donaghy's Motion to Dismiss Third Amended Complaint (and Corrected Third Amended Complaint) (Dkt. #171), Defendants' HJH, LLC, Robert E.W. McMillan, III, William Riveiro and John Bahng's Motion to Dismiss Third Amended Complaint and Corrected Third Amended Complaint (Dkt. #172), Marks' Motion and Memorandum of Law to Dismiss and/or Strike "Third Amended Complaint" (Dkt. # 173) and Old Republic National Insurance Company's Motion to Dismiss Third Amended Complaint and Corrected Third Amended Complaint (Dkt. #176) are GRANTED in part and DENIED in part.

2. Counts IV, V, IX, X and XI are dismissed as to all parties.

3. Counts VI, VII, and VIII are dismissed as to Old Republic.

4. Defendants' answers to the surviving claims in the Third Amended Complaint are due on or before December 23, 2013.

5. Marks' Motion for Protective Order/Stay and Extension of Time (Dkt. #182) and Motion to Stay by John Bahng, Kevin Patrick Donaghy, HJH, LLC,

      Robert E.W. McMillan, III, William R. Riveiro (Dkt. #187) are denied as moot. The Defendants shall respond to the discovery at issue in the Motions on or before December 31, 2013.

6.     This Order does not authorize Plaintiff Kahama IV, LLC to amend its complaint or add new claims or parties without leave of court or written consent of the opposing parties pursuant to Fed.R.Civ.P. 15(a)(2).

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of December, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029- mtd 171,172,173,176.docx