UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                              Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III , WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Howard S. Marks' Motion for Summary Judgment as to Count VIII - Fraudulent Transfer (Dkt. #209), Plaintiff's Response in Opposition to the Motion (Dkt. #225), Marks' Objection to Plaintiff's Request for Judicial Notice (Dkt. # 228), Marks' Motion for Leave to File a Reply to Plaintiff's Response (Dkt. #229), Marks' Motion to Strike Plaintiff's Response in Opposition (Dkt. # 235) and Plaintiff's Response to Motion to Strike and to Superseded Motion for Leave (Dkt. # 243). Upon review and consideration, it is the Court's conclusion that the ruling on Marks' Motion for Summary Judgment should be deferred and Marks' Motions for Leave to File a Reply and to Strike Plaintiff's Response in Opposition should be denied.

*Background*

Plaintiff, Kahama VI, LLC ("Kahama") filed an action to enforce a promissory note against the borrower, HJH, LLC ("HJH") and the individual guarantors; Robert E. W. McMillan, III, John Bahng, William Riveiro. Kahama filed for foreclosure against HJH in the case styled *Kahama VI, LLC v. HJH, LLC*, M.D. Fla. Case No.:6:12-cv-01922-T30-TBM which the Court consolidated with this action. The property at issue in the foreclosure action is undeveloped beachfront property located in New Smyrna Beach, Florida (the "Property").

In its Second Amended Complaint, Kahama added Howard S. Marks ("Marks"), alleging causes of action for abuse of process, fraudulent transfer, slander of title, unjust enrichment, breach of contract/good faith and fair dealing, and breach of fiduciary duty. Only the fraudulent transfer claim survives as of the date of this Order. Marks served as counsel for HJH in other proceedings related to the Property. His prior firm also acted as the title insurance agent for the title insurance policies issued to HJH (the "Owner's Title Policy") and Kahama (the "Lender's Title Policy").

HJH became involved in a dispute with the City of New Smyrna Beach (the "City") and Volusia County (the "County") regarding an alleged easement on the east 150 feet of the Property. HJH made a claim on its Owner's Title Policy; in response Old Republic funded a complaint against the City and County in the case styled *HJH, LLC v. Volusia County, Florida, et. al.*, Volusia County Circuit Court Case No. 2008-20156-CINS-02 (the "Quiet Title Action"). Old Republic retained Marks as counsel for HJH in the Quiet Title Action. The City paid HJH $100,000 to settle the claim.

2

In its Third Amended Complaint, Kahama alleges that Marks engaged in a fraudulent transfer when he accepted the settlement funds on behalf of HJH, and then disbursed it to HJH, himself and others. Kahama claims that Marks also pursued an invalid title claim, and has used the Quiet Title Action for the fraudulent purpose of delaying the foreclosure action and thwarting Kahama's collection efforts against HJH and the guarantors. Marks now moves for summary judgment on the fraudulent transfer claim.

*Discussion*

I. **Legal Standard**

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Id.* at 248. The substantive law of the claimed causes of action will determine which facts are material. *Id*.

All evidence must be examined in the light most favorable to the non-movant and all inferences must be drawn in his or her favor. *Id.* at 255. Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and

3

admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A dispute about a material fact is "genuine," when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. There can be "no genuine issue as to any material fact," when there is a complete failure of proof concerning an essential element of the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 323. The failure of proof necessarily renders all other facts immaterial. *Id*. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Id*.

## II. Marks' Motion for Summary Judgment

Marks argues that the undisputed evidence shows that Marks' firm Burr & Forman, LLP received $100,000 in its trust account on behalf of HJH from the insurance company representing the City pursuant to a settlement agreement. The firm then issued a check for $100,000 to HJH. Marks' affidavit states that neither he nor his firm retained any of the funds from the settlement, nor did he distribute the money to himself and others as alleged in the Third Amended Complaint.

Kahama argues that Marks' motion is premature since he filed it prior to the close of discovery and prior to the resolution of several discovery disputes pending before the Court. Kahama is challenging Marks' objections to interrogatories and requests for production. Since the filing of Marks' Motion for Summary Judgment, Kahama has taken Marks' deposition. However, Marks filed an Emergency Motion for Protective Order objecting to the requests for production in the Notice of Deposition Duces Tecum (Dkt. #

233) the same day as the deposition. Although Marks produced several documents subject to his objections, Kahama continues to take issue with the objections and has since filed a Response to the Motion for Protective Order and a Motion to Compel (Dkt. # 241).

A motion for summary judgment filed before the close of discovery is not *per se* premature. *See e.g., Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). Nonetheless, courts generally should not grant summary judgment until the party opposing it has had an opportunity to conduct discovery. *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). It is inappropriate for the court to grant summary judgment when the party opposing the motion has been unable to obtain responses to his discovery requests. *Id.* The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery to determine whether it can furnish opposing affidavits. *Id.* If the discovery sought is relevant to the issues presented in the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. *Id.*

Kahama took Marks' deposition as scheduled, however, there remains a dispute as to several responses to interrogatories and requests for production that appear directly related to the issues presented in Marks' motion and may allow Kahama to support an opposing affidavit. Therefore, the Court will defer ruling on Marks' Motion for Summary Judgment until such time that the pending discovery disputes related to the fraudulent transfer claims against Marks are resolved, but in no event later than fourteen (14) days after the discovery deadline of April 30, 2014.

### III. Marks' Motion to Strike Kahama's Response in Opposition

Kahama's Response in Opposition primarily relies on its allegations in the Third Amended Complaint and does not set forth any affidavits, deposition, interrogatory responses or other admissible evidence for the Court to review at the summary judgment stage. To the extent that the Verification of Roger Hoss, "Manager of Kahama VII" purports to provide admissible evidence, it fails to do so. The verification states that "I verify under penalty of perjury that the allegations of Plaintiff's response to the Motion for Summary Judgment of Defendant Howard Marks are true and correct, as are those of the Third Amended Complaint."

Mr. Hoss does not claim to have personal knowledge of those facts, does not identify that he is competent to testify as to the facts recited in the Third Amended Complaint or the Response in Opposition to the Motion, nor does it establish that he has knowledge through the use of business records. Further, many of the allegations referred to in the response are legal conclusions or facts of which Mr. Hoss may have had no knowledge. Several of the allegations in the Third Amended Complaint are alleged "upon information and belief" which connotes that the Kahama did not have personal knowledge or evidence of the allegation at the time of the filing. Specifically, in the main allegation in the Third Amended Complaint which supports Kahama's claims for fraudulent transfer, it states

> *Upon information and belief*, on or about 1/4/13, acting within the course and scope of his employment for the other Defendants, in order to benefit them, Defendants Marks and Donaghy received the $100,000.00 settlement funds from the City of New Smyrna on behalf of the HJH Defendants in the quiet title case, which they disbursed to themselves, the HJH Defendants and/or Defendant Old Republic.

6

(Dkt. #150 ¶ 131) (emphasis added). Therefore Hoss' Verification is insufficient to serve as evidence that would create a genuine issue of material fact. *See Gordon v. Watson*, 622 F.2d 120, 123 (11th Cir.1980) (where the verified pleading does not affirmatively show that affiant was competent to testify to matters stated therein or that facts were based on personal knowledge, such verified pleading cannot serve as a basis for granting a motion for summary judgment); *Fowler v. So. Bell Telephone and Telegraph, Co.,* 343 F. 2d 150, 154 (5th Cir. 1965)[1] (verification must be upon personal knowledge alone, and not upon "knowledge, information and belief"); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[S]tatements in affidavits that are based, in part, on information and belief cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment.")

Nonetheless, striking a pleading is a drastic remedy disfavored by courts. *See Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962)) ("A motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") Therefore, the Court will deny Marks' motion to strike the response and verification.

**IV.     Marks' Motion to File Reply to Kahama's Response in Opposition**

Marks requests leave to file a reply to Kahama's Response in Opposition. Since Marks addressed several of the deficiencies in Kahama's Response and Verification in

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

7

Opposition in his Motion to Strike, a reply brief would be redundant. Further, the Court will allow Kahama to file a supplemental response after the close of discovery, therefore the Motion is moot and should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Court defers ruling on Defendant Howard S. Marks' Motion for Summary Judgment as to Count VIII - Fraudulent Transfer (Dkt. #209).

2. Kahama shall file a supplemental response in opposition to Mark's Motion for Summary Judgment on or before May 15, 2014. If Kahama fails to file a supplemental response by May 15, 2014, the Court will rule on the Motion based on Kahama's initial Response in Opposition (Dkt. 225).

3. Marks' Motion to Strike Plaintiff's Response in Opposition (Dkt. # 235) is DENIED.

4. Marks' Motion for Leave to File a Reply to Plaintiff's Response (Dkt. #229) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of February, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 msj 225 defer ruling.docx