**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KAHAMA VI, LLC,

      Plaintiff,

v.                                      Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, *et al.,*

      Defendants.

_____

**<u>ORDER</u>**

      THIS CAUSE comes before the Court upon the Plaintiff's Motion to Strike Jury Demand of Defendant Marks (Dkt. #247) and Defendant Marks' Response with Affirmative Request for Evidentiary Hearing (Dkt. #257). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

      Plaintiff moves to strike Defendant Howard S. Marks' jury trial demand regarding the sole count against him for fraudulent transfer. Plaintiff is suing the borrower, HJH, LLC, and its guarantors for foreclosure and other remedies pursuant to a mortgage, promissory notes, and guaranties (the "Instruments") on commercial property. The promissory notes contain language stating that "Neither the Borrower, assignee, successor, heir or legal representation [sic] of any of the same shall seek a jury trial in any lawsuit, proceeding, counterclaim or other litigation procedure arising from or based upon this Promissory Note or other loan agreement or any loan document evidencing, securing or relating to the obligations or to the dealings or relationship by or between the parties,

thereto….” Further the mortgage states that “Borrower and Lender hereby knowingly, voluntarily and intentionally waive the right to trial by jury with regards to any litigation based upon this loan or to any obligation resulting from or related to this loan, or guaranty relating to this loan.” Therefore, Plaintiff argues that Marks waived a jury trial regarding any matters involving the Instruments and the property that is the subject of the foreclosure.

The Seventh Amendment provides that “[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.” U.S. Const. amd. VII. As the Supreme Court has noted, “[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.” *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990).   However, it is well-established that a party may waive its right to a jury trial if the waiver is knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Sys., Inc*., 164 Fed. Appx. 820, 823 (11th Cir. 2006). The Court must first determine whether the jury trial waivers contained in the Instruments apply to Marks, and if so whether the waiver was knowing and voluntary.

Plaintiff asserts that the waiver language is binding on Marks because the cause of action is based on Marks’ representation of HJH, LLC in the separate but related quiet title action involving the property at issue in this foreclosure case. Plaintiff relies on several cases which hold that waivers apply to guarantors and other third parties. The Court is not persuaded that the cited cases apply to the specific set of circumstances at issue in the cause of action against Marks and otherwise finds the cases distinguishable. *See e.g. Kapila v.*

*Bank of America, N.A.* (*In re Pearlman*), 493 B.R. 878, 884-885 (M.D.Fla. 2013) (holding that the bankruptcy trustee was bound by the jury trial waiver in the loan agreement in its fraudulent transfer action where the transfers at issue in the case were loan payments made pursuant to the agreement); *Hancock v. Deutsche Bank Nat. Trust Co.*, 8:06CV1724T27EAJ, 2006 WL 6319816 (M.D. Fla. 2006) (permitting non-signatory who was assignee of mortgagor to enforce jury trial waiver in foreclosure action against mortgagee who signed the loan agreement.)

Case law does allow a non-signatory to enforce a jury trial waiver against a signatory. *See e.g. Andre v. Sellstate Realty Sys. Network, Inc.*, 2:09-CV-503-FTM-36, 2010 WL 3259415 (M.D. Fla. 2010) *report and recommendation adopted*, 2:09-CV-503-FTM-36, 2010 WL 3259413 (M.D. Fla. 2010) (holding that non-signatory defendants, who were sued as agents of signatory could invoke the jury trial waiver provision against plaintiffs who were signatories). These cases are distinguishable from the facts in this case, since Plaintiff is the signatory attempting to enforce the provision against a non-signatory who is not the assignee, successor or heir of the Borrower.

Plaintiff's argument that Marks is HJH's "agent" or "legal representative" and therefore bound by the waiver provision is unpersuasive, since the waiver is specifically limited to cases arising from or based upon the Instruments. The legal representation must therefore arise out of or be based upon the promissory notes and mortgage. The fraudulent transfer cause of action in this case alleges that Marks received funds pursuant to a settlement agreement in the quiet title action with knowledge of the pending foreclosure. That connection is too attenuated for this Court to hold that the allegations "arise from or

[are] based upon" the notes or other loan agreement. *See Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109 (11th Cir. 2001).

In *Telecom Italia, SpA* the Eleventh Circuit concluded that to determine whether a cause of action arises out of or relates to the contract for purposes of enforcing an arbitration clause, the Court should focus "on whether the tort or breach in question was an immediate, foreseeable result of the performance of contractual duties[ ]" as "[d]isputes that are not related-with at least some directness-to performance of duties specified by the contract do not count as disputes 'arising out of' the contract, and are not covered by the standard arbitration clause." *Id*. at 1116.

Plaintiff also argues that Marks is a "borrower" since the promissory notes define the term as including "HJH and any other person or entity, who is or may subsequently become liable for the payment hereof."   The allegations in the complaint do not support that Marks "is or may subsequently become liable for the payment" of the note or loan agreement. In a fraudulent transfer action, the remedies afforded to the defrauded creditor include avoidance of the transfer, attachment, an injunction, appointment of a receiver, and "any other relief the circumstances may require." *Newman v. William L. Gunlicks Irrevocable Trust*, 897 F. Supp. 2d 1270, 1276 (M.D. Fla. 2012) (citing Fla. Stat. § 726.108(1)(b))). These remedies do not amount to Marks becoming liable for the payment on the notes or mortgage.

Additionally, to the extent that Plaintiff relies on this Court's endorsed order granting its Motion to Strike HJH, the guarantors, and Kevin Donaghy's jury trial demand (Dkt. # 245), the Court specifically noted that those Defendants did not file an opposition

to the Motion. The Order did not provide any analysis upon which Plaintiff may rely in supporting its Motion against Marks.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Jury Demand of Defendant Marks (Dkt. #247) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029- motion to strike 247.docx