# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KAHAMA VI, LLC,

      Plaintiff,

v.                                    Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III, WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Costs, Contempt and Sanctions against Defendant John Bahng Regarding Recent Mediation (Dkt. #260) and Defendants' Response in Opposition to the Motion (Dkt. #266). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

Plaintiff brings this Motion against Defendant John Bahng for his failure to attend a court-ordered mediation. The Court previously ordered mediation in this case on February 12, 2013, (Dkt. #37). Bahng filed an emergency motion to appear telephonically on the following bases: (1) the mediation was premature, (2) he lives and works in Asia, and (3) he granted another Defendant, Robert E.W. McMillan, authority to execute any settlement on his behalf.  The Court granted Bahng's Motion on the condition that "[i]f

the parties do not settle at mediation on February 12, 2013, the Court will entertain motions for Defendant John Bahng to bear the costs of another mediation conference if later ordered." (Dkt. #58). The mediation resulted in an impasse.

The Court entered a second order referring the parties to mediation on January 17, 2014, to take place on March 6, 2014, before the Honorable Michael Williamson (Dkt. # 239). The order required that all defendants appear in person. Paragraph 4 of the order stated in pertinent part:

> Each party shall attend the mediation with counsel and with the individual client or with a corporate client representative with full and absolute authority to agree to a mediated settlement. If an impasse is reached with respect to the mediation as a result of the failure of a party to comply with this requirement, such party shall be liable for sanctions to include payment of all fees incurred by the other parties to this proceeding in connection with the mediation.

The second mediation also resulted in an impasse. Judge Williamson filed a mediation report indicating that Bahng appeared at the mediation by telephone and was not able to appear in person due to "flight problems." Judge Williamson further stated that the impasse was not due to Bahng's failure to appear in person. Bahng did not file a motion to appear by phone prior to the second mediation.

Plaintiff requests that the Court strike Bahng's pleadings and enter a default against him. Further, it seeks costs and attorney's fees associated with the second mediation including $1,033.90 for flight expenses and lunch for the mediation and $1,350.00 (4.5 hours at $300.00/hour) in attorney's fees for preparing and filing this Motion. Defendant's response in opposition states that Bahng "apologizes for not being able to make the trip" and argues that since his absence was not the cause of the impasse, no party was prejudiced.

Regardless of monetary sanctions as a result of a violation of a court order, mediation disputes, standing alone, do not warrant striking of Defendant's pleadings. *See Inmuno Vital, Inc. v. Telemundo Group, Inc.,* 203 F.R.D. 561 (S.D. Fla. 2001) (Monetary sanctions, rather than striking of pleadings, was appropriate sanction when party appeared at mediation session accompanied by adjuster for insurer who did not have authority to settle suit, in violation of court order.) The drastic sanctions of dismissal or default are warranted only on a clear record of delay or willful contempt. *Mingo v. Sugar Cane Growers Co-op. of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989).   Since Bahng appeared by phone and was not the cause for the impasse at the mediation, the Court concludes that striking of pleadings and default against him are not justified under these circumstances.

Regarding monetary sanctions, Bahng had notice that he may be subject to sanctions for failure to appear at the second mediation due to the Court's initial order allowing him to appear by phone and the Court's second order referring the parties to mediation. Bahng has not shown good cause for his failure to appear in person.

Nonetheless, the Court's February 12, 2013 Order contemplated the costs of a second mediation to constitute the mediator's fee. Since Judge Williamson conducted the mediation, there are no mediator's fees and the only costs remaining are Plaintiff's travel expenses and the cost of lunch. Since Plaintiff and its counsel would have had to appear at the mediation regardless of Bahng's absence, the Court denies Plaintiff's request for costs. Further, the Court concludes that Plaintiff is not entitled to attorney's fees for bringing this Motion since the Court has denied the specific relief requested.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Costs, Contempt and Sanctions against Defendant John

Bahng Regarding Recent Mediation (Dkt. #260) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of March, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 sanctions 260.docx