UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III , WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike/Disregard Defendant Marks's Reply/Objection to Plaintiff's Response to His Motion for Summary Judgment (Dkt. 329) (the "Motion") and Defendant Marks' Response in Opposition (Dkt. 337). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

## DISCUSSION

Plaintiff moves pursuant to Fed. R. Civ. P. 12(f) and Local Rule 3.01(c) to strike Defendant Marks' Objection to Plaintiff's Request for Judicial Notice (Dkt. 328) (the "Objection"). Rule 12(f) governs motions to strike. *See* Fed. R. Civ. P. 12(f). Rule 12(f) states in pertinent part, "[t]he court may strike from a *pleading* an insufficient defense

or any redundant, immaterial, impertinent, or scandalous matter." *Id.* (emphasis added). Pursuant to Federal Rule of Civil Procedure 7(a), "pleadings" consist of a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, and a reply to an answer. *See* Fed. R. Civ. P. 7(a). Numerous courts in the Eleventh Circuit have held that a motion to strike a filing that is not a pleading as defined by Rule 7(a)) is improper. *Santana v. RCSH Operations, LLC*, 10-61376-CIV, 2011 WL 690174, at * 1 (S.D. Fla. Feb. 18, 2011) (citing *Croom v. Balkwall,* 672 F.Supp.2d 1280, 1285 (M.D.Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings."); *Mann v. Darden,* No. 2:07cv751–MHT, 2009 WL 2019588, at *1 (M.D.Ala. July 6, 2009) (same); *McNair v. Monsanto Co.,* 279 F.Supp.2d 1290, 1298 (M.D.Ga. 2003) ("In this circuit, the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion is generally considered improper.")) Because the Motion seeks to strike the Objection, which is not a pleading, the Motion is procedurally improper under Fed. R. Civ. P. 12(f).

Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave." M.D. Fla. R. 3.01(c). Local Rule 3.01(c) may apply as a basis to strike documents filed by plaintiff that are frivolous, not filed in support of any motion, immaterial to any pleading or motion currently pending, or that fail to advance any aspect of litigation. *See Farrell v. Florida Republicans*, 2:13-CV-140-FTM-29, 2013 WL 5498277, at *8 (M.D. Fla. Oct. 1, 2013).

Here, the Objection was filed pursuant to Fed. R. Evid. 201. Fed. R. Evid. 201 entitles an opponent to be heard concerning the propriety of the Court taking judicial notice either before or after the court takes judicial notice of a fact. *See Clarendon Am. Ins. Co. v. All Bros. Painting, Inc.*, 6:13-CV-934-ORL-22, 2013 WL 5921538, at *4 (M.D. Fla. Nov. 4, 2013). The Objection is material to Plaintiff's Response to Motion for Summary Judgment of Howard Marks (Dkt. 324), in which Plaintiff requests that the Court take judicial notice of documents referenced in the summary judgment motion and Plaintiff's Third Amended Complaint. Accordingly, striking the Objection pursuant to Local Rule 3.01(c) is not appropriate at this time.

On the basis of the foregoing, it is the Court's conclusion that the Motion should be denied. It is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Strike/Disregard Defendant Marks's Reply/Objection to Plaintiff's Response to His Motion for Summary Judgment (Dkt. 329) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 deny mot to strike objection.docx