# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                              Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN, III , WILLIAM R. RIVEIRO, JOHN BAHNG, HOWARD S. MARKS, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and KEVIN PATRICK DONAGHY,

    Defendants.

## ORDER OF CONTEMPT

THIS CAUSE came before the Court for an evidentiary hearing on July 30, 2014, on Plaintiff's Motion for Contempt and Sanctions Against Defendants HJH, LLC, McMillan, Bahng, and Riveiro Regarding Non-Payment of Taxes (Dkt. 261) (the "Motion") and Defendants' Response in Opposition (Dkt. 267).  The Court, having heard the testimony of the witnesses, reviewed the documentary evidence, and considered the briefs and proposed findings of fact submitted by the parties, and being otherwise fully advised in the premises, concludes that the Motion should be granted in part and denied in part.

## BACKGROUND

The Court provided a thorough background of this case in its September 12, 2013 Order (Dkt. 135).  On August 16, 2013, the Court entered an order to show cause why

Defendants HJH, LLC ("HJH"), Robert E. W. McMillan, III ("McMillan"), William R. Riveiro ("Riveiro"), and John Bahng ("Bahng") (collectively, "Defendants") should not be ordered to make payments for presently owed taxes on the property at issue in the underlying foreclosure (the "Property") during the pendency of the foreclosure proceedings and why counsel for Defendants should not be ordered to preserve all funds and refrain from disbursing such funds to Defendants without approval by the Court (Dkt. 123). The Court held a hearing on the Order to Show Cause on September 17, 2013. During the hearing, Defendants stated that they had no objection to an entry of an order directing them to pay the outstanding taxes on the Property. On September 18, 2013, the Court entered an Order (Dkt. 139) directing Defendants to pay the presently owed taxes on the Property and to preserve in escrow any and all funds related to the Property currently within their possession or that may later come into their possession, until further order from the Court (the "Court's Order").

Defendants did not pay the taxes on the Property as directed in the Court's Order. Plaintiff brought the instant motion for contempt and sanctions on March 7, 2014,

## DISCUSSION

The Court has "inherent power to enforce compliance with their orders through civil contempt." *Fed. Trade Comm'n v. RCA Credit Servs., LLC*, No. 8:08-cv-2062-T-27MAP, 2012 WL 11406549 at *1 (M.D. Fla. Mar. 20, 2012); *see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F. 2d 1525, 1530 (11th Cir. 1992) ("Civil contempt sanctions are, of course, employed by the courts to secure compliance with their orders."). The Court's discretion however, must "stay within the bounds of due process."

*Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citing *Mercer v. Mitchell*, 908 F.2d 763, 766 (11th Cir.1990)). "Due process requires that the court inform the alleged contemnor of the contemptuous conduct, and provide a hearing in which the alleged contemnor may explain why the court should not make a contempt finding." *Citronelle-Mobile*, 943 F.2d at 1297 (citing *Mercer*, 908 F.2d at 767).

During the hearing, the moving party must establish by clear and convincing evidence that the underlying order was violated. *See RCA Credit Servs* 2012 WL 11406549, at *1 (citing *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). If the moving party makes a prima facie showing that a violation has been made, the burden of production shifts to the alleged contemnor to produce evidence showing he was unable to comply with the underlying order. *See RCA Credit Servs.*, 2012 WL 11406549, at *1 (citing *Citronelle-Mobile*, 943 F.2d at 1301). Only upon sufficient showing by the alleged contemnor will the burden shift back to the moving party, who will then have the burden of proving ability to comply. *See Wellington Precious Metals*, 950 F.2d at 1529.

In the instant case, Plaintiff made a showing that Defendants violated the Court's Order by demonstrating that the Court's Order was valid and lawful, and clear, definite, and unambiguous. *See RCA Credit Servs.*, 2012 WL 11406549, at *1 (citing *Howard Johnson*, 892 F.2d at 1516). With regard to Bahng, Plaintiff showed that he had the ability to comply with the Court's Order by offering evidence proving Bahng's receipt of wages, a substantial shareholder distribution, and other compensation from his corporation, Test Equipment Connection Corporation, in 2013. *Id.* Therefore, Plaintiff established a prima

3

facie showing as to Bahng.  In response, Bahng did not sufficiently defend his failure to comply with the Court's Order.  The Court made a finding of fact that Bahng had the ability to pay the real estate tax as ordered.  Accordingly, it is the Court's conclusion that the Motion should be granted as to Bahng.

During the hearing, Plaintiff did not provide sufficient evidence to show HJH and McMillan had the ability to pay the taxes on the Property as ordered.  Plaintiff notified the Court that it would no longer be pursuing its Motion with respect to Riveiro.  Accordingly, it is the Court's conclusion that the Motion should be denied as to HJH, McMillan, and Riveiro.  It is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Contempt and Sanctions Against Defendants HJH, LLC, McMillan, Bahng and Rivero Regarding Non-Payment of Taxes (Dkt. 261) is GRANTED as to Defendant John Bahng and DENIED as to Defendants HJH, LLC, Robert E. W. McMillan, III, and William R. Riveiro.  Mr. Bahng is hereby held in CIVIL CONTEMPT OF COURT.

2. Mr. Bahng is sentenced to imprisonment of 179 days.  Mr. Bahng is directed to report to the United States Marshal's Office on August 20, 2014, to begin serving his sentence.

3. Mr. Bahng may purge himself of this Court's contempt by paying $22,945 in accordance with this Court's September 18, 2013 Order (Dkt. 139) (plus interest accruing at the federal statutory rate from the date of this Order),

before August 20, 2014, or, once he is imprisoned, at any time thereafter before he completes his sentence.

4. If Mr. Bahng fails to report to the United States Marshal's Office on August 20, 2014, this Court will issue an arrest warrant directing the arrest of John Bahng by the United States Marshal.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of August, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 contempt order.docx

5