UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                       Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, *et. al.,*

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Amended Motion for Summary Judgment against the HJH Defendants (Dkt. #348) and Defendants HJH, LLC, McMillan, Riverio, and Bahng's Response in Opposition to the Motion (Dkt. #355) and Marks' Response in Opposition to the Motion (Dkt. #359). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### Background

Plaintiff, Kahama VI, LLC ("Kahama") filed an action to enforce a promissory note against the borrower, HJH, LLC ("HJH") and three individual guarantors; Robert E. W. McMillan, III, John Bahng, William Riveiro (the "HJH Defendants"). Kahama filed for foreclosure against HJH in the case styled *Kahama VI, LLC v. HJH, LLC*, M.D. Fla. Case No.:6:12-cv-01922-T30-TBM, which the Court consolidated with this action.

On July 7, 2004, HJH executed and delivered a note to Coquina Bank for $1,300,000.00 (the "Note"). Kahama attached a copy of the Note and all other instruments to its Third Amended Complaint. On July 7, 2004, McMillan, Riveiro, and Bahng executed and delivered the guaranties to Coquina Bank (the "Guaranties"). The HJH Defendants executed a renewal of the Note and Guaranties on September 7, 2005, a change in terms agreement on March 7, 2006, and another renewal on March 31, 2007. On February 5, 2008, the FDIC approved the merger of the Royal Bank of Canada ("RBC") with Coquina Bank. Then, on September 5, 2008, RBC assigned the Note and Guaranties to Landmark Equity Fund I, which then assigned them to Kahama VI, LLC on February 16, 2010. Although the HJH Defendants denied most of the facts in their answer, they have not put forth any record evidence disputing the underlying facts regarding the Note and Guaranties.

The property at issue in this case is undeveloped beachfront land in New Smyrna Beach, Florida (the "Property"). HJH became involved in a dispute with the City of New Smyrna Beach (the "City") and Volusia County (the "County") regarding a 1917 dedication and several subsequent recordings on the Property. HJH made a claim on its Owner's Title Policy and, in response, Old Republic Title Insurance Company ("Old Republic") retained an attorney on behalf of HJH to file a complaint against the City and County in the case styled *HJH, LLC v. Volusia County, Florida, et. al.*, Volusia County Circuit Court Case No. 2008-20156-CINS-02 (the "Quiet Title Action").

*Discussion*

**I.  Summary Judgment Standard**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id*. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior*

3

*Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**II.    Kahama's Summary Judgment Motion on Counts I, II, and III**

Kahama asserts it is the current holder of the Note, Guaranties, agreements, and renewals (the "Instruments"). Based on its records, HJH's last payment was received on or before "December 31, 2007 resulting in the principal sum at default as of August 1, 2014 in the amount of $1,289,921.55, plus interest upon the principal currently totaling $744,213.07 at the interest rate of 7.75% from the date of the last payment." Kahama also demands recovery of its attorney's fees and costs related to this action. Further, the HJH Defendants have failed to pay the taxes on the property since 2007. Kahama paid $230,359.49 in September 2012 and demands recovery of that amount as well. Kahama relies on the affidavits of Roger W. Hoss, "supervisor/manager" for Kahama, VI, LLC and Daniel C. Menan, who is a member of Kahama VI, LLC.

This Court previously entered partial summary judgment in favor of Kahama as to the HJH Defendants' liability on the Note and Guaranties. (Dkt. #62) In that Order, this Court stated that "the undisputed material facts establish Kahama's entitlement to recovery under the Note and Guaranties. Therefore, Kahama is granted summary judgment on the issue of liability under the Note and Guaranties. The only issue potentially precluding an

award of damages in its favor is whether Defendants' affirmative defenses have merit." The Court permitted additional discovery to resolve this issue.

In their Answer to the Third Amended Complaint (Dkt. #214), the HJH Defendants asserted six affirmative defenses: unclean hands, litigation privilege, subsequent oral modification and amendment, equivalent or subsequent value, bad faith, and good faith transfer. The HJH Defendants relied upon the Affidavit of Robert E.W. McMillan, III in Support of Defendant's Motion in Opposition to Plaintiff's Motion for Summary Judgment ("McMillan's Affidavit") (Dkt. #41) against Kahama's initial Motion for Summary Judgment (Dkt. #38). The HJH Defendants continue to rely on McMillan's Affidavit and did not file any new evidence in opposition to this Motion.

In their Response in Opposition to the Motion, the HJH Defendants argue that they still have pending affirmative defenses which preclude summary judgment. Based on McMillan's Affidavit and deposition testimony, he, Hoss, and Menan entered into an oral agreement whereby Kahama would forbear on foreclosing on the Property. They further argue that the oral modification was the "customary course of dealings" between McMillan and Kahama's representatives. Therefore, they argue, there remains a genuine issue of material fact between the parties. Although Kahama is not pursuing defendant Marks in its Motion, Marks filed an opposition attacking the admissibility of Kahama's affidavits in support of the Motion and the records they attempt to admit as evidence.

### III. Sufficiency of Affidavits in Support of Summary Judgment

Marks argues that the Hoss and Menan affidavits fail to meet the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure. Rule 56(c)(4) provides that when

affidavits are used to support a summary judgment motion, they "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4). Marks argues that the Hoss affidavit and the attached records do not meet the admissibility requirements for business records under Federal Rule of Evidence 803(6) because Hoss lacks the requisite personal knowledge on the records to qualify him as a "custodian or other qualified witness."

Federal Rule of Evidence 803(6) permits the introduction of business records through a custodian or qualified witness. To be admitted on such grounds, "the person who actually prepared the documents need not have testified so long as other circumstantial evidence and testimony suggest [the documents'] trustworthiness." *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1259 (11th Cir. 1983). It is not essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as authentic and specify that it was made and preserved in the regular course of business.'" *United States v. Langford*, 647 F.3d 1309, 1327 (11th Cir. 2011) (quoting *United States v. Atchley*, 699 F.2d 1055, 1058 (11th Cir. 1983)).

Hoss states in his affidavit that he is a supervisor/manager and authorized signatory for Kahama VI, LLC; that he has personal knowledge of HJH's accounts and that he is the custodian of Kahama's business records including HJH's account history records and the instruments forming the basis of this action. He further states that the records were made and kept in the regular course of business activity and it is Kahama's practice to make and

6

keep such records. Further, the record includes Hoss' Deposition (Dkt. # 255) where he further establishes that he is familiar with the records regarding the HJH Defendants' loan and account information since he reviewed them as part of his role as an asset manager with Kahama. Menan states in his affidavit that it is based on his "personal knowledge of Plaintiff's accounts" and that he is "familiar with Plaintiff's business records." Menan's affidavit is primarily submitted to refute the oral agreement. Hoss and Menan's affidavits meet the standard of admissibility. Further, the Court concludes that the Hoss affidavit adequately lays a foundation to allow admission of the attached business records for purposes of this Motion.

**IV.    Affirmative Defenses**

In his affidavit and deposition, McMillan describes two oral agreements that he made with Hoss and Menan, who were also involved with Kahama's predecessor corporation Landmark. He states that there was an initial agreement[1] where Hoss orally agreed to forbear on filing a foreclosure suit on the Property until the completion of the Quiet Title Action. In exchange, McMillan would sell an unrelated property, also financed by Landmark, without a commission. McMillan completed the sale without a commission as agreed, which resulted in a large profit for Landmark. He then describes a second agreement which formed on July 1, 2009. He, Hoss and Menan[2] orally agreed that if

---

[1] Although McMillan's affidavit and deposition are unclear as to the date of the initial agreement, it appears to have occurred in October 2008.

[2] McMillan refers to Menan as "Dan Menia" in his affidavit and "Dan -- I don't know how to pronounce it -- Manerra, Menorra, Manora, something like that" in his deposition.

McMillan "cooperated" with Old Republic in litigating the Quiet Title Action (i.e. assist with depositions and provide advice and background information), Landmark would forbear proceeding with foreclosure on the Property until the Quiet Title Action completed. They agreed to share in the proceeds from any recovery from the case, either from the sale of the Property if the suit was successful or from Old Republic if it was not. Both Hoss and Menan deny that there was any agreement to forbear foreclosure on the Property. They attribute the delay in proceeding with foreclosure to their reliance on statements made by Marks that there was a bona fide title issue with the Property.

In limited circumstances, Florida law permits oral modifications to contracts despite provisions that all modifications must be in writing. *See Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897 (Fla. 3d DCA 2010); *Fid. & Deposit Co. of Maryland v. Tom Murphy Const. Co., Inc.,* 674 F.2d 880 (11th Cir. 1982). If the parties accept and act on the oral agreement in such a way that it would "work a fraud on either party to refuse to enforce it" the oral modification is permissible in spite of the contract's provisions to the contrary. *Fid. & Deposit Co. of Maryland,* 674 F. 2d at 884. However, the oral modification is effective "only where clear and unequivocal evidence of a mutual agreement is presented." *Id*. at 885.

McMillan's testimony regarding the initial oral agreement creates a genuine dispute as to a material fact. As to the second oral agreement, McMillan acknowledges that once Kahama filed for foreclosure, in his mind, the agreement terminated. As a result, he retained the proceeds from the settlement with Old Republic in contravention of the

8

agreement.[3] Additionally, McMillan's claim that he agreed to "cooperate" with the Quiet Title Action fails as a defense due to lack of consideration. *See Coral Reef Drive Land Dev., LLC*, 45 So. 3d at 901-02 (holding that borrower's promise to lender to continue their efforts to rezone the property or to find tenants was part of the borrower's original obligation, not additional consideration which would make the alleged oral modification enforceable.) *See also Fifth Third Bank v. Alaedin & Majdi Investments, Inc.*, 8:11-CIV-2206-T-17, 2013 WL 623895 (M.D. Fla. 2013) (granting summary judgment on foreclosure count where defendant alleged an oral promise to extend the maturity date in exchange for making partial payments.) Therefore, the second oral agreement is unenforceable and does not create a genuine issue of material fact.

As to the affirmative defenses of unclean hands and bad faith, the HJH Defendants have not produced any additional evidence to support these defenses. To the extent that these defenses relate to the aforementioned oral agreements, the Court will determine their validity at trial. The remaining affirmative defenses do not apply to the three counts at issue in the Motion and therefore the Court will not consider them.

*Conclusion*

The Court concludes that there is a genuine issue of material fact limited to whether an oral agreement to forbear on filing the foreclosure action exists. Given that the Court has already determined the issue of liability in favor of Kahama, the trial is limited to

---

[3] *See* Deposition of Robert E. W. McMillan, pp. 153-154 (Dkt. #251).

resolving the disputed issue of material fact and, to the extent necessary if the Court finds in favor of Kahama, the amount of damages due.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Amended Motion for Summary Judgment against the HJH Defendants (Dkt. #348) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 msj 348.docx