## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KAHAMA VI, LLC,

      Plaintiff,

v.                                                     Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, *et.al*.,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendant Kevin Donaghy's Motion for Summary Judgment as to Count VIII: Fraudulent Transfer (Dkt. #345) and Plaintiff's Response in Opposition to the Motion (Dkt. #363). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

Plaintiff, Kahama VI, LLC ("Kahama") filed an action to enforce a promissory note against the borrower, HJH, LLC ("HJH") and three individual guarantors; Robert E. W. McMillan, III, John Bahng, William Riveiro.   Kahama filed for foreclosure against HJH in the case styled *Kahama VI, LLC v. HJH, LLC*, M.D. Fla. Case No.:6:12-cv-01922-T30-TBM, which the Court consolidated with this action.   In its Third Amended Complaint, Kahama added Kevin P. Donaghy as a defendant alleging a fraudulent transfer claim.

Donaghy serves as counsel for HJH and the individual guarantors in this action and other proceedings.

The property at issue in this foreclosure is undeveloped beachfront land in New Smyrna Beach, Florida (the "Property"). HJH became involved in a dispute with the City of New Smyrna Beach (the "City") and Volusia County (the "County") regarding a 1917 dedication and several subsequent recordings on the Property.   The dedication and recordings allegedly created a public easement on the east 150 feet of the Property and, because of this, the City would not authorize HJH to build beachfront condominiums on the Property as planned.   HJH made a claim on its Owner's Title Policy and, in response, Old Republic Title Insurance Company ("Old Republic") retained an attorney on behalf of HJH to file a complaint against the City and County in the case styled *HJH, LLC v. Volusia County, Florida, et. al*., Volusia County Circuit Court Case No. 2008-20156-CINS-02 (the "Quiet Title Action").   The City and HJH settled the claim in exchange for $100,000 and various conditions on the development of the Property. Old Republic also settled with HJH pursuant to the Owner's Title Policy for $100,000 (the "Settlement") in exchange for HJH releasing its claims against Old Republic in the action.

In its Third Amended Complaint, Kahama alleged that Donaghy received settlement funds from the City. However, the evidence has since shown that Donaghy actually received $100,000 as a wire transfer into his firm's trust account on December 26, 2012, from Old Republic.   Thereafter, Donaghy retained $30,000 for attorney's fees and costs associated with his representation of HJH, and disbursed $50,000 to HJH, $16,000 to

McMillan and the balance to others,[1] all at McMillan's direction (the "Transfers"). Donaghy and his firm did not receive any portion of the funds from the settlement from the City. The City issued a check to the law firm of Burr & Forman on January 29, 2013, after which the firm issued a check from the firm's trust account to HJH in the amount of $100,000.   At the time of the Settlement and Transfers, Kahama did not have a judgment against HJH, but did have a pending foreclosure action.   Kahama argues that Donaghy's actions constitute fraudulent transfer under Florida law.   Donaghy now moves for summary judgment on the fraudulent transfer claim.

### *Summary Judgment Standard*

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original).   The substantive law applicable to the claimed causes of action will identify which facts are material.   *Id.*   Throughout this analysis, the

---

[1] In his deposition, (Dkt. # 362), Donaghy refers to a document that provides a breakdown of the transfers made with the Settlement. However, the document was not part of his deposition exhibits.

court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.   *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.   *Celotex,* 477 U.S. at 324.   The evidence must be significantly probative to support the claims.   *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990).   "[I]f factual issues are present, the Court must deny the motion and proceed to trial."   *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).   A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.,* 881 F.2d 1041, 1045 (11th Cir. 1989).

## *Discussion*

Kahama asserts its fraudulent transfer claim under the Florida Uniform Fraudulent Transfer Act ("FUFTA").   Under FUFTA, a creditor may avoid, or rescind, a transfer of assets made from a debtor to a transferee if the transfer was fraudulent.   Fla. Stat. § 726.108(1)(a).   Kahama asserts that it is a creditor within the definition of § 726.108(1)(a)

4

pursuant to the promissory note and the guaranties executed by Defendants (the "Instruments"), which are secured by the Property.   Kahama claims that the Transfers were fraudulent under sections 726.105 and 726.106 of FUFTA.

In order to adequately allege a cause of action for violation of FUFTA under section 726.105, a plaintiff must prove that: (1) they were creditors who were defrauded, (2) that defendant intended to commit the fraud, and (3) that the fraud involved a conveyance of property that could have been applicable to the payment of the debt due.   *See Dillon v. Axxsys Int'l, Inc.*, 185 Fed. App'x 823, 828–29 (11th Cir. 2006) (citing *Nationsbank, N.A. v. Coastal Utils. Inc*., 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002)).

Donaghy asserts that Florida jurisprudence has never held that a transfer of trust funds held by an attorney belonging to his client constitutes fraudulent transfer.   However, the Eleventh Circuit has held that an attorney may be liable for fraudulent transfer of a client's funds from his trust account.   *See In re Harwell,* 628 F.3d 1312 (11th Cir. 2010).

*In re Harwell* involved a bankruptcy trustee's adversary proceeding against the debtor's attorney for fraudulent transfer of settlement funds. The debtor had a valid judgment against him and the attorney litigated against the creditor's garnishment efforts, which was delayed due to a technicality. The evidence showed that the attorney actively took steps to transfer the money to the debtor, the debtor's family members and other creditors to prevent the judgment creditor from collecting on its judgment.

Kahama argues that Donaghy's involvement with the foreclosure and the Quiet Title Action provided him with extensive knowledge of the Instruments as well as the debt HJH owed to Kahama.   Kahama also argues that Donaghy's relationship with HJH, as its

attorney and agent in certain transactions related to the Property, provided Donaghy with direct knowledge of HJH's intentions with respect to the Transfers.   McMillan testified that he used the funds to pay bills on behalf of HJH, including corporate expenses and fees owed for architectural work and his own personal bills.   On these bases, Kahama argues that Donaghy is liable for fraudulent transfer and challenges Donaghy's good faith in retaining a portion of the Settlement and transferring the balance to McMillan and others from his law firm's trust account.

The Eleventh Circuit based its decision in *In re Harwell* on the bankruptcy court's assumption that the attorney had active participation in the fraud and was in fact the "mastermind" of the fraudulent transfers.   628 F.3d at 1316.   The facts in this case are distinguishable. This case is based on the Florida statute and not bankruptcy law. Kahama has not presented any evidence that Donaghy participated in a scheme to defraud it as a creditor, or that he intended to commit fraud.   Kahama did not have a judgment against HJH, and it has not presented any evidence to show that it was otherwise entitled to any of the funds from the Settlement. HJH received those funds pursuant to its Owner's Title Policy with Old Republic. Kahama has its own title policy under which it is currently seeking recovery against Old Republic.   Further, Kahama did not file a pre-judgment writ of garnishment, and became aware of the funds and demanded them from Donaghy only after the funds were already disbursed.

As stated in *In re Harwell*,

> In the vast majority of cases, a client's settlement funds transferred in and out of a lawyer's trust account will be just like bank transfers, and lawyers as intermediaries will be entitled to a mere conduit status because they lack

control over the funds. Mere conduits, such as lawyers and banks, do not have an affirmative duty to investigate the underlying actions or intentions of the transferor.

*Id.* at 1324.

To the extent that Kahama could prove that it was defrauded, Donaghy has shown sufficient facts to establish that he and his firm were a "mere conduit" of the Settlement and therefore not liable for fraudulent transfer. *See Matter of Coutee*, 984 F.2d 138, 141 (5th Cir. 1993) (determining that law firm was mere conduit where firm had no legal right to put funds to its own use, and thus lacked requisite dominion required to be initial transferee.); *In re Life Care Technologies, Inc.*, 305 B.R. 88 (Bankr. M.D. Fla. 2003) (where law firm was essentially acting as creditor's collection agent in receiving checks and had to disburse funds from trust account in accordance with its client's directions, it did not exercise sufficient dominion and control to qualify as an initial transferee.); *In re Cargo Transp. Services, Inc.*, 502 B.R. 875 (Bankr. M.D. Fla. 2013) (law firm was not liable as initial transferee on settlement payments that it accepted in good faith, a portion of which it retained to pay its fees.); *In re Mortgage Store, Inc.*, 12-CV-00653-JMS, 2013 WL 1680636 (D. Haw. April 16, 2013) (attorney acting as escrow agent did not have dominion over the funds when they were transferred to the attorney).

### Conclusion

The Court acknowledges that at the status conference on August 16, 2013, it initially intimated that Kahama's allegations regarding the transfer of settlement funds could implicate the holding in *In re Harwell*. However, upon further reflection and the

development of facts in this case, it has become clear that *In re Harwell* does not apply. The Court concludes that the facts as presented in the record do not sustain a claim for fraudulent transfer as to Donaghy, and Kahama fails to create a genuine issue of material fact to defeat the Motion for Summary Judgment.

It is therefore ORDERED AND ADJUDGED that Defendant Kevin Donaghy's Motion for Summary Judgment as to Count VIII: Fraudulent Transfer (Dkt. #345) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of September, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 msj 345.docx