UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                              Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, *et.al*.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant Howard S. Marks' Motion to Tax Costs (Dkt. #395), Plaintiff's Response in Opposition to the Motion (Dkt. #401), Plaintiff's Motion for Sanctions Against Marks and His Counsel as to his Bill of Costs and to Strike Personal Information of Plaintiff's Counsel (Dkt. #402) and Howard S. Marks' Response in Opposition to the Motion (Dkt. #407). Upon review and consideration, it is the Court's conclusion that Marks' Motion to Tax Costs should be granted and Plaintiff's Motion for Sanctions and to Strike should be denied.

Plaintiff brought several causes of action against Defendant Howard S. Marks in its Third Amended Complaint. The Court dismissed all of the claims against Marks except for the cause of action for fraudulent transfer. The Court entered an order granting Marks' Motion for Summary Judgment on the fraudulent transfer count in his favor. (Dkt. #378). On September 18, 2014, the Clerk entered judgment in favor of Marks and against Plaintiff

(Dkt. #381). Marks now moves for an award of his costs in the amount of $7,901.73 as the prevailing party. Plaintiff argues that Marks' Motion to Tax Costs is premature and frivolous.

Federal Rule of Civil Procedure 54(b) states that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). The Eleventh Circuit has "interpreted the first prong of Rule 54(b) to require that a judgment disposes entirely of a separable claim or dismisses a party entirely in order to be considered final." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 779 (11th Cir. 2007) (internal quotation marks omitted). Therefore, "the touchstone for determining whether an entire 'claim' has been adjudicated for the purposes of Rule 54(b) is whether that claim is 'separately enforceable' without 'mutually exclu[ding]' or 'substantially overlap[ping]' with remedies being sought by the remaining claims pending in the district court." *Id.* at 780 (quoting *Brandt v. Bassett* (*In re Se. Banking Corp.*), 69 F.3d 1539, 1546 (11th Cir. 1995)).

Prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed.R.Civ.P. 54(d)(1). However, courts may only tax costs as authorized by statute. *See EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh 'g and reh 'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (citing *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)).

Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2014).

Where a party challenges the costs requested, the burden lies with the challenging party. *See EEOC v. W & O, Inc.*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion of the depositions were not "related to an issue which was present in the case at the time the deposition was taken.") The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters of this section. *Id.* at 620. "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.' " *Id.* at 620–21. Further, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the

3

deposition was taken." *Sensormatic Electronics Corp. v. Tag Co. US*, No. 0681105CIV, 2009 WL 3208649, at *5 (S.D. Fla. Oct. 2, 2009).

The Court concludes that (1) Marks' Motion is timely; (2) Marks is a prevailing party; and (3) Marks is entitled to statutory costs in the amount of $6,815.58 which includes the costs for the depositions of Marks ($1,453.01 and $968.81), the deposition of Hoss ($1,209.69), the depositions of Carter and Menan ($2,718.95), the witness fee issued to Wersant ($66.54), and the fees for photocopies and documents produced in this matter ($398.58).

Plaintiff's Motion for Sanctions alleges that Marks' Motion for Costs is frivolous and requests that the Court strike the "personal, confidential, and unlisted address" of Plaintiff's counsel from the record. Plaintiff's counsel's address appears on the bill from the process server who served him for the proposed deposition. The Motion does not demonstrate that Marks filed the document in bad faith or that Plaintiff's counsel has been prejudiced in any way as a result. The Court denies the Motion.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Howard S. Marks' Motion to Tax Costs (Dkt. #395) is GRANTED.

2. The Clerk of Court is directed to enter a Bill of Costs against Plaintiff, Kahama VI, LLC and in favor of Defendant, Howard S. Marks in the amount of $6,815.58 for taxable costs.

3. Plaintiff's Motion for Sanctions Against Marks and His Counsel as to his Bill of Costs and to Strike Personal Information of Plaintiff's Counsel (Dkt. #402) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of November, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 395 costs.docx