UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.     Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN, III, WILLIAM R. RIVEIRO, JOHN BAHNG, HOWARD S. MARKS, OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY and KEVIN PATRICK DONAGHY,

    Defendants.

## FORECLOSURE JUDGMENT AND ORDER OF SALE

This cause came before the Court on a bench trial on November 13, 2014. The Court having found in favor of Plaintiff, Kahama VI, LLC ("Kahama") and against Defendants HJH, LLC, Robert E.W. McMillan, III, William R. Riverio, and John Bahng (the "HJH Defendants"), now enters a Foreclosure Judgment as follows:

1. Plaintiff is owed the following sums of money:

| | |
|---|---|
| Principal due on the Note secured by the mortgage foreclosed | $1,289,921.55 |
| Interest on the Note as of November 13, 2014 | $773,092.98 |
| Real Estate Taxes 2008-2010 | $227,545.68 |
| Real Estate Taxes 2011-2014 | $64,156.61 |
| Sub-Total | $2,354,716.82 |
| Less payment received December 5, 2014 | ($22,977.15) |
| **Total** | **$2,331,739.67** |

2. The total sum referenced in paragraph 1 shall bear interest from this date forward at the prevailing legal interest rate.

3. Plaintiff holds a first priority mortgage lien and security interest for the total sum set forth in paragraph 1 against the Property legally described as :

> Lots 3, 4, 13 and 14, Block 25, Fuquay and Rogers, New Smyrna Beach, Volusia County, Florida, per map in Map Book 7, Page 29, in the Public Records of Volusia County, Florida, and alleyway formerly running North and South through the aforedescribed property and now vacated by New Smyrna Beach Ordinance No. 353 on October 25, 1945, the above described property also being described as the South 100 feet of the North 200 feet of Marshall's Re-subdivision of Block 25 of the New Smyrna Beach Subdivision per Map Book 9, Page 262, Public Records of Volusia County, Florida.

4. Plaintiff's lien in and upon the Property is superior in dignity to any right, title, interest, claim, lease, encumbrance or equity of the HJH Defendants, any and all persons, corporations or other entities claiming by, through or under the HJH Defendants and the Property will be sold free and clear of any claims whatsoever of the HJH Defendants.

5. Pursuant to 28 U.S.C. § 2001, the Defendant Robert E.W. McMillan, III (hereinafter "McMillan") is authorized and directed to sell the Property pursuant to this Foreclosure Judgment at a private sale. McMillan, after consulting with Plaintiff, shall submit to the Court the names, certifications, and credentials of three disinterested appraisers for approval. The three appraisals shall be completed no later than forty-five (45) days from the date of this Order at McMillan's expense.

6. Once McMillan obtains a valid contract for sale of the Property, he must submit a Motion to Confirm the Sale which includes a copy of the contract. The Court will set a hearing on the Motion to Confirm the Sale. McMillan shall provide written notice of the

sale confirmation hearing to the proposed buyer and any other interested parties at least five (5) business days in advance of the hearing. Further, McMillan shall publish the terms of the private sale of the Property (the "Notice of Sale") in a newspaper regularly issued and of general circulation in Volusia County, Florida at least ten (10) days before the sale confirmation hearing as directed in 28 U.S.C. § 2001.  McMillan shall file the proof of service of the written notice of the sale confirmation hearing and proof of publication of the Notice of Sale one day prior to the sale confirmation hearing.

7. McMillan shall advance the cost of publishing the Notice of Sale and shall be reimbursed for the cost at the closing of the sale.

8. At the time of the signing of the contract for sale, the proposed buyer shall pay a deposit of five percent (5%) of the proposed sale price by certified or cashier's check made payable to "Clerk, U.S. District Court." McMillan shall deliver the deposit to the Clerk of Court.

9. The balance of the purchase price of the Property shall be tendered by the proposed buyer in the form of a certified or cashier's check payable to "Clerk, U.S. District Court" within thirty (30) days following the confirmation of the sale. McMillan shall deliver the payment to the Clerk of Court.  If the proposed buyer does not pay the balance due within thirty (30) days, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

10. At closing, the sale proceeds shall be distributed, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the title; third,

the cost of publishing the Notice of Sale as referenced above; fourth, the total sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of sale; and by depositing any remaining amount with the Clerk of Court.

11. Upon confirmation of the sale by the Court and payment of the balance of the purchase price by the proposed buyer, title shall be conveyed to the proposed buyer, which shall be recorded in the Public Records of Volusia County, Florida.

12. Upon recording of the title, the HJH Defendants and all person claiming by, through, under or against them since the filing of the Notice of *Lis Pendens* shall be forever barred and foreclosed to all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

13. **Notwithstanding the foregoing, McMillan's failure to complete a private sale of the Property by June 30, 2015, will result in a public sale of the Property under the following terms**:

14. Pursuant to Rule 53(a)(1)(c) of the Federal Rules of Civil Procedure, the Court appoints Mediation Firm, Inc. and/or Attorney James Chaplin, Address: 401 East Las Olas Boulevard, Suite 1220, Fort Lauderdale, FL 33301, Telephone: (954) 765-8000, www.mediationfirm.inc. as Special Master to advertise and conduct the sale.

15. Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale. Plaintiff shall coordinate with the Special Master who shall sell the Property at a public sale in the Volusia County Courthouse at the usual hour and location for public sale, to the highest bidder for cash, following notice of the public sale

of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Volusia County, Florida as required by 28 U.S.C. § 2002.

16. Plaintiff shall advance the cost of publishing the Notice of Sale for conducting the sale of the Property and shall be reimbursed after the closing of the sale.

17. The successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof to the Special Master that they are able to comply with this requirement or otherwise shall not be allowed to bid.

18. The balance of the purchase price of the Property shall be tendered by the successful purchaser in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

19. If Plaintiff is the purchaser of the Property, the Special Master shall credit Plaintiff's bid with the Total Sum in paragraph 1 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

20. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

21. Upon full compliance with the terms of the public sale, the Special Master shall file a report of the sale with the Clerk of Court, which is subject to confirmation by the Court.

22. Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Volusia County, Florida.

23. Upon recording of the Certificate of Title, the sale proceeds shall be distributed, so far as they are sufficient by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the title; third, the total sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of sale; and by retaining any remaining amount pending the further Order of this Court.

24. Upon recording of the Certificate of Title, the HJH Defendants and all persons claiming by, through, under or against them since the filing of the Notice of *Lis Pendens* shall be forever barred and foreclosed to all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

25. The sale of the Property is made pursuant to 28 U.S.C. § 2001, *et seq.*, without the right of redemption.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-2029 final judgment of foreclosure and order of private sale.docx