**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KAHAMA VI, LLC,

    Plaintiff,

v.                                    Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III, WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Proposed Bill of Costs (Dkt. 603), Defendant's Motion to Tax Costs (Dkt. 604), and Plaintiff's Response and Objection (Dkt. 611). Upon review, the Court will partially grant Defendant's motion.

## **BACKGROUND**

The Parties have been litigating this case for several years. In 2013, Plaintiff brought several claims against Defendant Old Republic National Title Insurance Company (hereinafter "Defendant"). (Dkt. 72 & 150.) The Court dismissed most of the claims in December 2013. (Dkt. 203.) The Court granted summary judgment in favor of Defendant and dismissed all remaining claims in December 2016. (Dkt. 601.) By that point in time, the Parties had engaged in extensive discovery and even filed motions in limine because

they were scheduled to go to trial in January 2017. Defendant now seeks to recover its taxable costs. (Dkt. 603 & 605.)

## DISCUSSION

Courts should award prevailing parties their costs. Fed. R. Civ. P. 54(d)(1). However, courts may only tax costs authorized by statute. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Courts may tax costs enumerated in 28 U.S.C. § 1920, including fees for service of process, witnesses, and transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920; *U.S. E.E.O.C.*, 213 F.3d 600 at 620. The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *See Fodor v. D'Isernia*, 599 F. App'x 375, 376 (11th Cir.), *cert. denied sub nom. Fodor v. E. Shipbuilding Grp.*, 136 S. Ct. 146 (2015); *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). A party's failure to provide sufficient detail or documentation regarding the costs can be grounds to deny the costs. *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd*, 596 F. App'x 768 (11th Cir. 2015).

In this case, Defendant seeks to recover $36,285.59 in costs for (1) service of process, (2) witnesses, (3) deposition transcripts, and (4) hearing transcripts. Defendant has not demonstrated that it is entitled to the full amount requested. As discussed further below, the Court will award Defendant $26,852.56 in costs.

    i.    *Fees for Service of Subpoenas*

A prevailing party can recover the costs it incurred using a private process server to serve subpoenas, but those costs cannot exceed the amount authorized by 28 U.S.C. § 1921.

*U.S. E.E.O.C.*, 213 F.3d 600 at 623-24. Pursuant to that statute and its implementing regulations, process servers shall be paid $65 per hour, plus travel costs and any other out-of-pocket expenses. 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Courts will not award fees incurred for rush service absent proof it was necessary. *E.g.*, *Cadle v. Geico Gen. Ins. Co.*, 2015 WL 4352048, at *4 (M.D. Fla. July 14, 2015).

Defendant requests $528.00 in costs for serving seven subpoenas. (Dkt. 603-1, pgs. 1-2.) Defendant utilized private process servers, whose fees ranged from $60 to $90 per subpoena. Defendant's invoices do not indicate how much time the process servers spent to effectuate service or whether they incurred any out-of-pocket expenses. The invoices do indicate that Defendant paid a surcharge of $30 to $35 for rush service of five of the seven subpoenas.[1] Defendant did not explain why it needed to expedite service of these subpoenas. Therefore, the Court will deduct the rush surcharges from the service fees. After doing so, each service fee falls below the $65 cap.

Defendant is entitled to recover $373 in service fees as calculated below:

| **Subpoena** | **Amount Requested** | **Reductions** | **Amount Awarded** |
|:---:|:---:|:---:|:---:|
| Landmark | $90.00 | $30.00 | $60.00 |
| Crouse | $90.00 | $30.00 | $60.00 |
| McCain | $60.00 | $30.00 | $30.00 |

---

[1] The invoices from Jim Mosley Process Service and Process Express specifically list the amount of the rush surcharge (i.e., $30 and $35, respectively). The invoices from Premier Process Service do not, but the Court can deduce the amount (i.e., $30) by comparing the invoices for rush service with the invoice for regular service.

| Carpenter | $90.00 | $30.00 | $60.00 |
| King | $60.00 | n/a | $60.00 |
| Kinberg | $75.00 | $35.00 | $40.00 |
| Depew | $63.00 | n/a | $63.00 |
| **TOTAL** | **$528.00** | **$155.00** | **$373.00** |

*ii.   Fees for Witnesses*

A prevailing party can recover the fees it paid witnesses to attend court or depositions, but those fees cannot exceed the amount authorized by 28 U.S.C. § 1821. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). Pursuant to that statute, witnesses receive a payment of $40 per day and a mileage allowance. 28 U.S.C. § 1821.

Defendant requests $390.52 for payments made to five witnesses. (Dkt. 603-1, pgs. 4-5.) Four of these payments consisted of a per diem of $40 and the witness's mileage allowance. The fifth payment far exceeded this amount, but Defendant seeks to recover only $40. Therefore, Defendant is entitled to recover the full $390.52 requested.

*iii.   Fees for Deposition Transcripts*

A prevailing party can recover costs incurred obtaining deposition transcripts if they were "necessarily obtained for use in the case." *U.S. E.E.O.C.*, 213 F.3d 600 at 620-21. The party's use of the deposition in a dispositive motion or inclusion of the deponent in its witness list tends to show that the deposition was necessarily obtained for use in the case. *See id*. at 621. However, even when the prevailing party did not ultimately use the

4

deposition, a court may still award it the cost as long as "no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012).

Deposition costs incurred for the party's convenience—as opposed to necessity—are not recoverable. *U.S. E.E.O.C.*, 213 F.3d 600 at 620. Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience. *E.g., Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2015 WL 12839237, at *9–11 (M.D. Fla. June 10, 2015), *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) (internal citations omitted). In addition, charges for shipping and handling are not recoverable. *Watson*, 492 F. App'x 991 at 997. A prevailing party may recover the cost of video-recording a deposition, but only if the party noticed the deposition to be video-recorded, the other party did not raise any objection regarding the method of recording at the time, and the video was necessarily obtained for use in the case. *Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460, 465 (11th Cir.1996).

Defendant requests $34,037.02 for the cost of transcribing twenty depositions. (Dkt. 603-1, pgs. 2-4.) Defendant has demonstrated that each deposition was necessarily obtained for use in the case. The Parties identified each of the deponents as a person with discoverable information (in their initial disclosures) and/or as a possible witness at trial (in their pretrial statement). In addition, Defendant used or intended to use many of the deposition transcripts in presenting its case. For example, Defendant cited to the depositions in motions for summary judgment, discovery motions, and motions in limine.

5

Defendant also planned to introduce several of the depositions into evidence at trial, as indicated by its pretrial statement. Plaintiff has not supplied evidence that any of the depositions were unrelated to issues in the case at the time they were taken.

The Court will award Defendant costs for the twenty depositions, but not the entire amount requested. Defendant requests fees for shipping and handling, which are not recoverable. Defendant also requests fees incurred for its convenience, including condensed transcripts, deposition summaries, digital transcripts, and e-CD litigation support packages. Furthermore, Defendant requests fees for video-recording the depositions, but it has provided no evidence that it noticed the depositions to be video-recorded or that it needed to obtain both transcripts and video of the depositions. The Court must deduct all of these fees from the taxable deposition costs.

Defendant is entitled to recover $25,216.04 in fees for deposition transcripts as calculated below:

| Transcript | Amount Requested | Reductions | Amount Awarded |
|---|---|---|---|
| Partin | $2049.28 | $366.58 (digital copies, summaries, shipping) | $1682.70 |
| McGinnity | $1470.32 | $30.00 (handling) | $1440.32 |
| Marks | $830.81 | $196.81 (digital copy, summary, shipping) | $634.00 |
| Carter | $379.05 | n/a | $379.05 |
| Menan | $798.60 | $12.50 (handling) | $786.10 |
| Hoss | $5456.63 | $1653.23 (video, digital copies, condensed transcript, shipping) | $3803.40 |

6

| | | | |
|---|---|---|---|
| Crouse | $653.35 | $397.85 (video, digital copies, condensed transcript, shipping) | $255.50 |
| Rader | $328.34 | $97.94 (digital copies, condensed transcript, shipping) | $230.40 |
| Roberts | $683.82 | $112.57 (digital copies, condensed transcript, shipping) | $571.25 |
| Crouse | $5536.38 | $1256.00 (video, digital copies, condensed transcript) | $4280.38 |
| Gummey & Smith | $621.20 | n/a | $621.20 |
| Depew & McCain | $4017.05 | $1493.25 (video, estimated cost of condensed transcripts and shipping) | $2523.80 |
| Carpenter | $5190.55 | $1931.75 (video, estimated cost of condensed transcripts) | $3258.80 |
| Kinberg | $3100.44 | $932.50 (video, litigation support package, condensed transcript, delivery) | $2167.94 |
| Harowski & Kruger | $840.90 | n/a | $840.90 |
| King | $639.15 | $340.00 (video, litigation support package, delivery) | $299.15 |
| Solomon & McElveen | $1441.15 | n/a | $1441.15 |
| **TOTAL** | **$34037.02** | **$8820.98** | **$25216.04** |

*iv.     Fees for Hearing Transcripts*

A prevailing party can recover costs incurred obtaining transcripts of pretrial hearings if they were "necessarily obtained for use in the case." *Fodor*, 599 F. App'x at 376. A party can demonstrate that the transcripts were necessary if it actually used the transcripts in presenting its case (e.g., by relying on the transcripts in motions). *See id.* at 375 n.2, 376. Alternatively, a party can demonstrate the transcripts were necessary by describing how the transcripts limited and clarified issues which were to be heard at a lengthy trial, were necessary to determine how the trial would proceed, or were otherwise relevant and significant. *Wiand*, 2015 WL 12839237, at *10 (internal citation omitted); *Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, No. 8:09-CV-02301-T-30, 2014 WL 3396503, at *2 (M.D. Fla. July 11, 2014).

Defendant requests $1,330.05 for the cost of obtaining five hearing transcripts. (Dkt. 603-1, pgs. 2-4.) Defendant has demonstrated only that two of these transcripts were necessary—the transcripts from the November 13, 2014 bench trial and the November 13, 2014 hearing on discovery motions. Defendant relied on the former in a motion for summary judgment and the latter in an opposition to Plaintiff's motion in limine. Defendant did not rely on the other three transcripts in any of its briefing, nor did it explain why they were relevant and significant. Because Defendant did not demonstrate that it needed to obtain these transcripts, the Court cannot tax their cost.

Accordingly, Defendant is entitled to recover $873 in fees of the two November 13, 2014 hearing transcripts.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Tax Costs (Dkt. 604) is granted in part and denied in part as explained herein.

2. Defendant is entitled to $26,852.56 in costs.

3. The Clerk of Court is directed to enter a Bill of Costs in the amount of $26,852.56 in favor of Defendant and against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida, on February 2, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record