UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                       Case No: 8:11-cv-2029-T-30TBM

HJH, LLC, ROBERT E.W. MCMILLAN,
III, WILLIAM R. RIVEIRO, JOHN
BAHNG, HOWARD S. MARKS, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY and KEVIN
PATRICK DONAGHY,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Old Republic's Motion for Award of Attorney's Fees and Related Non-Taxable Expenses (Dkt. 605) and Plaintiff Kahama's Response and Objection (Dkt. 612). Upon review, the Court finds that Defendant Old Republic is entitled to reasonable fees and costs.

## BACKGROUND

Plaintiff Kahama VI, LLC ("Kahama") filed this action in 2011. It sought to enforce a promissory note against a borrower, HJH, LLC ("HJH"), and four individual guarantors. Kahama requested monetary damages for breach of the promissory note and guaranty agreements executed by the defendants. (Dkt. 1.)

The promissory note was secured by a parcel of beachfront property owned by HJH, so Kahama subsequently filed a related action in order to foreclose on the property. That

action stalled in 2013, in part because the City and County asserted an ownership interest in the property. Old Republic National Title Insurance Company ("Old Republic"), which underwrote the title insurance policies issued to both HJH (as owner of the property) and Kahama (as lender), filed a quiet title action against the City and County in state court. Old Republic retained the attorney who was representing HJH in the foreclosure action to represent HJH in the quiet title action. Of note, that attorney's prior firm had acted as the title insurance agent for the title insurance policies issued to HJH and Kahama.

In July 2013, Kahama amended its complaint to include claims against Old Republic and the attorney. (Dkt. 72.) It alleged claims including breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, abuse of process, and unjust enrichment. Generally, Kahama claimed that Old Republic and the attorney (1) pursued an invalid title claim, (2) used the quiet title action for the fraudulent purpose of delaying the foreclosure action and thwarting Kahama's collection efforts against HJH and the guarantors, and (3) fraudulently obtained and/or transferred settlement proceeds received from the City in the quiet title action. Kahama requested monetary damages for these alleged violations.

The Court dismissed many of these claims in September 2013, but it granted leave for Kahama to amend its pleadings. (Dkt. 135.) Kahama did so in its third and final amended complaint, which it filed in October 2013. (Dkt. 150.) Kahama alleged that Old Republic and the other defendants had engaged in negligent misrepresentation, fraudulent misrepresentation, fraudulent transfer, conspiracy, and breach of contract. These claims were based on the same allegations described above. Kahama sought monetary damages,

as well as an injunction prohibiting the defendants from further disposing of the settlement funds.

The Court dismissed most of Kahama's claims in December 2013. (Dkt. 203.) Almost all of the remaining claims were against defendants other than Old Republic, and the Court adjudicated these claims at a bench trial in November 2014. (Dkt. 423.) After that trial, only one claim remained—Kahama's claim against Old Republic for breach of contract. Kahama sought purely monetary damages for this alleged violation.

Kahama and Old Republic continued to litigate the case. In July 2016, Old Republic served Kahama with an offer of judgment pursuant to section 768.79 of the Florida Statutes. Old Republic offered $20,000 to settle "all of the claims" asserted against it. Kahama did not accept this offer.

In December 2016, the Court granted summary judgment in favor of Old Republic and dismissed the final breach of contract claim. (Dkt. 601.) By that point in time, Kahama and Old Republic had engaged in extensive discovery and even filed motions in limine because they were scheduled to go to trial in January 2017.

Since then, Old Republic has filed two motions to recover its costs and fees. The first motion sought to recover taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (Dkt. 605.) The Court ruled on that motion in an order dated February 2, 2017. (Dkt. 615.) The Court awarded Old Republic $26,852.56 in costs for serving subpoenas, securing witnesses' attendance at depositions, and obtaining deposition and pretrial hearing transcripts.

Old Republic's second motion (i.e., the instant motion) requested attorney's fees and costs pursuant to section 768.79 of the Florida Statutes. This Order addresses that motion.

## LEGAL STANDARD

Section 768.79 is Florida's offer of judgment statute. It provides, in relevant part:

> In any civil action for damages . . . , if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days [and the final judgment is one of no liability], the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer. . ."

Fla. Stat. § 768.79(1). This statute is intended to reduce litigation costs by encouraging settlement. *Kuhajda v. Borden Dairy Co. of Alabama, LLC.*, 202 So. 3d 391, 395 (Fla. 2016) (internal citations omitted). It acts as a sanction against a party who rejects a purportedly reasonable settlement offer. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013) (internal citation omitted).

Section 768.79 applies only to civil actions "for damages." Fla. Stat. § 768.79(1). The statute applies to claims in which the plaintiff seeks purely monetary relief, but it does not apply where the plaintiff seeks purely nonmonetary or equitable relief. *Diamond Aircraft*, 107 So. 3d at 373 (internal citations omitted). Nor does it apply to claims in which the plaintiff seeks both monetary and nonmonetary relief. *Id*. at 374-76. In determining whether the action is for damages, the Court should "look[] behind the procedural vehicle used to bring a lawsuit and focus[] on whether the 'real issue' in the case is one for damages." *DiPompeo Const. Corp. v. Kimmel & Assocs., Inc.*, 916 So. 2d 17, 18 (Fla. Dist. Ct. App. 2005) (internal citation omitted); *see also Diamond Aircraft*, 107 So. 3d at 373

(citing *DiPompeo* with approval). For example, Florida appellate courts have properly characterized actions for declaratory judgment as actions for damages when the "real" or "only" issue was the entitlement to money. *See Diamond Aircraft*, 107 So. 3d at 373. A plaintiff's passing reference to equitable relief in the operative complaint does not compel the conclusion that section 768.79 is inapplicable. *Faith Freight Forwarding Corp. v. Anias*, No. 3D14-2653, 2016 WL 6298616, at *2 (Fla. Dist. Ct. App. Sept. 28, 2016). Likewise, an action may be considered one for damages when the plaintiff pled equitable relief but litigated only its monetary damages. *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1286-87 (Fla. Dist. Ct. App. 2016), *review denied,* No. SC16-730, 2016 WL 5416182 (Fla. Sept. 28, 2016); *Faith Freight*, 2016 WL 6298616, at *2.

If the action was for damages and the defendant meets the other statutory prerequisites outlined by section 768.79, it is entitled to reasonable costs and fees. Fla. Stat. § 768.79. However, a court may deny those costs and fees if it finds that the defendant did not make its offer of judgment in good faith. Fla. Stat. § 768.79(7). The offeree has the burden of proving the absence of good faith. *Gawtrey v. Hayward*, 50 So. 3d 739, 742 (Fla. Dist. Ct. App. 2010); *see also TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 612 (Fla. 1995).

## DISCUSSION

Kahama argues that Old Republic is not entitled to costs and fees pursuant to section 768.79 for two reasons. First, Kahama argues that this case was not an action for damages because it requested equitable relief in its Third Amended Complaint. Second, Kahama argues that Old Republic's offer of judgment was ambiguous and therefore unenforceable

5

because it failed to specify that it would resolve both monetary and nonmonetary claims. Both of these arguments fail.

      *i.*     *This action was for damages.*

In its Third Amended Complaint, Kahama requested monetary damages and an injunction. The injunction related to Kahama's claim that the defendants fraudulently transferred the settlement funds from the quiet title action so that Kahama would not receive any, and it would have prevented the defendants from further disposing of the funds. Kahama also requested damages as relief for this claim.

Even though an injunction is a form of equitable relief, the fact that Kahama requested one does not make section 768.79 inapplicable. As discussed above, the Court should look behind the pleadings to determine what the "real issue" in the case was. If the case was about the plaintiff's entitlement to money, then it falls within section 768.79's scope. In this case, it is evident that Kahama's "real" concern was its entitlement to money.

When Kahama initially filed suit, it sought to recover purely monetary damages for HJH's breach of the promissory note. When Kahama later expanded the suit to include claims against Old Republic, it again sought purely monetary damages. It sought damages for Old Republic's alleged pursuit of an invalid title claim and use of the quiet title action to thwart its ability to collect from HJH; it also sought to obtain the settlement funds from the quiet title action. And in the final iteration of Kahama's complaint (i.e., the Third Amended Complaint), Kahama sought almost exclusively monetary damages. Although it requested both monetary damages *and* an injunction as relief for the defendants' allegedly fraudulent transfer of the settlement funds, the purpose of the injunction was to ensure that

6

Kahama could access the funds it was trying to recover as damages. Moreover, by the time Old Republic made its offer of judgment, the Court had dismissed Kahama's fraudulent transfer claim, so the injunction was not at issue.

This case is comparable to two recent cases—*MYD Marine* and *Faith Freight*. In *MYD Marine*, the plaintiff alleged claims including conspiracy in restraint of trade, and it sought monetary damages and a permanent injunction barring the defendants "from continuing to engage in their illegal conspiracy." 187 So. 3d at 1286. Florida's Fourth District Court of Appeal concluded that the "true relief" sought was monetary because the plaintiff did not actually pursue any nonmonetary relief during the course of the litigation. *Id*. at 1287. Likewise, in *Faith Freight*, Florida's Third District Court of Appeal affirmed an award of fees under section 768.79 even though the plaintiff's complaint referenced equitable relief. 2016 WL 6298616, at *2. It concluded that damages were the "real issue" in the case because the parties could not identify any equitable relief that was ever at issue in the discovery or trial of the case. *Id*. In this case, Kahama sought an injunction against Old Republic, but it never litigated whether it was entitled to the injunction because the Court dismissed Kahama's fraudulent transfer claim almost immediately after Kahama alleged it. Over the next few years, Kahama litigated only whether it was entitled to monetary relief. Like in *MYD Marine* and *Faith Freight*, damages were the "real issue" in this case.

      ii.     *Old Republic's offer of judgment was not ambiguous.*

Kahama's argument that Old Republic's offer was ambiguous fails for similar reasons. Kahama argues that the offer was ambiguous because it did not specify that it

would resolve both Kahama's monetary and nonmonetary claims. An offer is ambiguous and thereby unenforceable only if the ambiguity reasonably affected the offeree's decision to accept the proposal. *State Farm Mut. Auto. Ins. Co. v. Nichols,* 932 So.2d 1067, 1079 (Fla. 2006). Old Republic's offer to resolve "all" claims was not ambiguous. Furthermore, at the time Old Republic made the offer, Kahama had no nonmonetary claims. Consequently, Old Republic's omission of the words "nonmonetary claims" should not have created any confusion or had any bearing on Kahama's decision to reject the offer.

Old Republic's offer of judgment met the statutory prerequisites outlined by section 768.79, and Kahama has provided no evidence that Old Republic made its offer in bad faith. Therefore, Old Republic is entitled to reasonable attorney's fees and costs incurred after it made its offer of judgment.

The Court cannot determine the appropriate amount of fees or costs because Old Republic did not provide any evidence to substantiate its request. For example, Old Republic did not provide the Court with information regarding it attorneys' hourly rate, how many hours its attorneys billed after it made its offer of judgment, or an itemization of the billed hours. Accordingly, the Court declines to decide the amount of fees or costs at this time.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Old Republic's Motion for Award of Attorney's Fees and Related Non-Taxable Expenses (Dkt. 605) is granted as described herein.

2. Defendant Old Republic is entitled to an award of attorney's fees and costs pursuant to section 768.79 of the Florida Statutes.

3. Within fourteen (14) days, Defendant Old Republic shall serve Plaintiff with (1) its attorneys' itemized billing entries for the relevant time period (redacted as necessary), (2) its attorneys' hourly rates, and (3) any information necessary to substantiate the amount of costs requested.

4. Within fourteen (14) days of service, the Parties shall meet and confer to see if they can come to an agreement about the fees and costs Defendant Old Republic should receive.

5. If the Parties cannot reach a settlement regarding Defendant Old Republic's fees and costs, Defendant Old Republic can renew its Motion for Award of Attorney's Fees and Related Non-Taxable Expenses. At that time, Defendant Old Republic shall file evidentiary submissions in support of its motion.

**DONE** and **ORDERED** in Tampa, Florida, on February 13, 2017.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record