UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KAHAMA VI, LLC,**

    **Plaintiff,**

v.    Case No. 8:11-cv-2029-T-30TBM

**HJH, LLC, ROBERT E.W. MCMILLAN, III,
WILLIAM R. RIVEIRO, JOHN BAHNG,
HOWARD S. MARKS, OLD REPUBLIC
NATIONAL TITLE INSURANCE COMPANY
and KEVIN PATRICK DONAGHY,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on referral on **Plaintiff's Motion to Confirm Foreclosure Sale, Certificate of Title, Writ of Possession, and Related Relief** (Doc. 624), filed on December 6, 2017. Defendant Old Republic Nation Title Insurance Company responded, stating that it "takes no position" on Plaintiff's motion. (Doc. 627). No other Defendant has filed a response to the motion or otherwise objected.

As set forth below, I **RECOMMEND** the motion (Doc. 624) be **GRANTED.**

An exhaustive recitation of the course of proceedings is unnecessary at this juncture. However, a brief review of the pertinent history is useful. Plaintiff Kahama VI, LLC ("Kahama") filed this action in 2011. It sought to enforce a promissory note against a borrower, HJH, LLC ("HJH"), and four individual guarantors. Kahama requested monetary damages for breach of the promissory note and guaranty agreements executed by the Defendants. (Doc. 1). The promissory

note was secured by a parcel of beachfront, commercial property owned by HJH, so Kahama subsequently filed a related state-court action in order to foreclose on the property.

Kahama eventually filed a Third Amended Complaint integrating its mortgage foreclosure claim and seeking on order awarding possession of the Property to plaintiff or any other purchaser at sale.  (Doc. 150).[1]

Following a bench trial in November 2014, the district judge found Kahama was entitled to a Foreclosure Judgment. (Doc. 466).  A separate Foreclosure Judgment and Order of Sale was entered December 9, 2014 (Doc. 467), and amended on January 8, 2015 (Doc. 491).  In the Amended Foreclosure Judgement and Order of Sale, the Court found that Plaintiff was owed the sum of $2,331,739.67, and that Plaintiff holds a first priority mortgage lien and security interest for the total sum against the Property legally described as:

> Lots 3, 4, 13 and 14, Block 25, Fuquay and Rogers, New Smyrna Beach, Volusia County, Florida, per map in Map Book 7, Page 29, in the Public Records of Volusia County, Florida, and alleyway formerly running North and South through the aforedescribed property and now vacated by New Smyrna Beach Ordinance No. 353 on October 25, 1945, the above described property also being described as the South 100 feet of the North 200 feet of Marshall's Re-subdivision of Block 25 of the New Smyrna Beach Subdivision per Map Book 9, Page 262, Public Records of Volusia County, Florida.

(Doc. 491 at ¶¶ 1, 3).

The Court appointed James Chaplin and/or Mediation Inc. as the Special Master, who was authorized and directed to offer and sell the Property at public sale at the Volusia County

---

[1] At the time the Amended Complaint was filed, Plaintiff alleged that the HJH Defendants were in possession of the Property. (Doc. 150 at ¶ 95).

Courthouse following proper notice of the public sale. *Id.* at ¶¶ 5, 6. The Court further instructed: "Upon full compliance with the terms of the public sale, the Special Master shall file a report of the sale with the Clerk of Court, which is subject to confirmation by the Court" and "Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Volusia County, Florida." *Id.* at ¶¶ 12, 13.

Finally, the Court ordered: "Upon recording of the Certificate of Title, the HJH Defendants and all persons claiming by, through, under or against them since the filing of the Notice of *Lis Pendens* shall be forever barred and foreclosed to all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property." *Id.* at ¶ 15.

Rule 70 of the Federal Rules of Civil Procedure provides that if real property is located within a judicial district, the court may enter judgment divesting a party's title and vesting it in others. Fed. R. Civ. P. 70(b). As established by the United States Supreme Court, when a special master conducts a foreclosure sale, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the report of sale is confirmed." *Ballentyne v. Smith*, 205 U.S. 285, 288 (1907).

As set out in Kahama's motion, the sale of the Property was advertised for two consecutive weeks in the *Volusia Review*. Kahama has provided a copy of the Affidavit of Publication. (Doc. 624-1).

The Special Master conducted the sale on January 20, 2016, at 9:15 a.m., at which time Plaintiff purchased the property for a credit bid of $1,000.00. (*See* Doc. 624-2). On October 30,

2017, the Special Master executed a Certificate of Title reflecting Kahama as the new owner of the property. (Doc. 624-3).

As shown by the record, Plaintiff purchased the Property at public sale, entitling it to confirmation as the new owner. Defendants have presented no objection to sale or otherwise opposed confirmation of the sale. Accordingly, I recommend that the district judge enter an Order confirming the foreclosure sale and conveying title to the Property to Plaintiff, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title under Florida law.

With regard to Plaintiff's request for a Writ of Possession, I recommend that the motion be granted. As provided by Amended Foreclosure Judgement and Order of Sale, Plaintiff, as purchaser of the Property, is also entitled to possession of the Property. (Doc. 491 at ¶ 15). According to Plaintiff's counsel, the Property is currently vacant land and unoccupied. However, in an abundance of caution, I recommend that the district judge issue a Writ of Possession, placing Plaintiff in exclusive possession of the Property, enforceable by the U.S. Marshal. The Writ should further provide that the Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the U.S. Marshal and/or local law enforcement officers and shall not commit waste, damage, or vandalism against the Property or do anything to impair its value.

                                                Respectfully submitted this
                                                30th day of January 2018.

                                                THOMAS B. McCOUN III
                                                UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of record