UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAHAMA VI, LLC,

    Plaintiff,

v.                                                 Case No.: 8:11-cv-2029-JSM-TBM

HJH LLC; ROBERT E. W. MCMILLAN, III;
WILLIAM R. RIVEIRO; JOHN BANGH;
HOWARD S. MARKS; KEVIN P. DONAGHY;
and OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Defendants.
_____/

## WRIT OF POSSESSION AND ORDER CONFIRMING FORECLOSURE SALE

THIS CAUSE comes before the Court upon Plaintiff's Motion to Confirm Foreclosure Sale, Certificate of Title, Writ of Possession, and Related Relief (Dkt. 624). In the Report and Recommendation (Dkt. 628), the United States Magistrate Judge recommended that the Court "enter an Order confirming the foreclosure sale and conveying title to the Property to Plaintiff, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title under Florida law" and recommending that Plaintiff's request for a Writ of Possession be granted. The Court notes that neither party filed written objections to the Report and Recommendation and the time for filing such objections has elapsed.

After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

1

# DISCUSSION

Plaintiff brought suit on its Third Amended Complaint (Dkt. 150) to foreclose the Mortgage in Count II, obtain post-sale possession of the Property in Count III, and obtain in Count I judgment on the note as to HJH, McMillan, and Bahng (the "HJH Defendants").

The record reflects that notice of the sale was duly given by posting and publishing in the form and manner required by law, and that the property so sold is situated in Volusia County, Florida and the property [the "Property"] is more particularly described as:

> Lots 3, 14, 13 and 14, Block 25, FUQUAY AND ROGERS, New Smyrna Beach, Volusia County, Florida, per map in Map Book 7, Page 29, Public Records of Volusia County, Florida and alleyway formerly running North and South through the aforedescribed property and now vacated by New Smyrna Beach Ordinance No. 353 on October 25, 1945, the above described property also being described as the South 100 fee of the North 200 feet of Marshall's Re-subdivision of Block 25 of the New Smyrna Beach Subdivision per Map Book 9, Page 262, Public Records of Volusia County.

owned by HJH, LLC ("HJH"), encumbered as collateral for a promissory note for $1,300,000.00, for which the Property was secured as collateral per a mortgage, of which Plaintiff is the owner and holder. The record also reflects that on said date all right, title and interest of the HJH Defendants, and each of them, in and to the Property was sold by James Chaplin and/or Mediation Inc. as the Special Master, who was authorized and directed to offer and sell the Property at public sale, to the Plaintiff for a credit bid of $1,000.00; the Special Master properly advertised the sale and made report of the sale in his Report of Sale, executed his Certificate of Title on the October 30, 2017, and no objections or exceptions were made or filed to said sale and Certificate of Title. As established by the United States Supreme Court, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the report of sale is confirmed." *Ballentyne v. Smith*, 205 U.S. 285, 288 (1907). As shown by the record, Plaintiff purchased the Property, entitling it to confirmation as the new owner.

Accordingly, pursuant to Fed. R. Civ. P. 70, the Court enters this Order adopting the Magistrate Judge's Report and Recommendation which confirms the foreclosure sale and conveys title to the Property to Plaintiff. This order shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title under Florida law. The Decree of Foreclosure and Order of Sale otherwise remains in effect.

This Order constitutes a writ of possession enforceable by the United States Marshal and/or state law enforcement officers, if necessary. Jurisdiction is reserved for one year to enter such orders as are necessary and proper, including a judgment of re-foreclosure.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. The Report and Recommendation (Dkt. 628) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's Motion to Confirm Foreclosure Sale, Certificate of Title, Writ of Possession, and Related Relief (Dkt. 624) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of February, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel and Parties of Record
United States Marshal